[No. 5911. Decided August 1, 1906.]

C. M. RADER *et al., Trustees, Respondents, v.* CASSANN STUBBLEFIELD, *Appellant.*[1]

ESTOPPEL—WILLS—RIGHT TO CONTRACT. After a full settlement between the surviving widow and the executors of her husband's will, made in good faith and fully acted upon by both parties, whereby the widow accepted her legacy and released her claims in consideration of further cash payments and property, she is, under Bal. Code, § 6110, estopped after one year from questioning the validity of provisions of the will or its probate or from claiming further interest in the estate.

WILLS—PROBATE—JURISDICTION—NONRESIDENT TESTATOR. Upon the death of a nonresident testator leaving personal property in this state, the superior court of the county wherein such personal property is situated has original jurisdiction to admit the will to probate, under Bal. Code, § 6087, and it is not a condition precedent that the will be first probated in the courts of the state of his domicile.

EXECUTORS AND ADMINISTRATORS—PRINCIPAL AND ANCILLARY ADMINISTRATION. Upon the death of a nonresident testator, and the original probate of his will in a county in this state wherein he left the bulk of his real and personal property, the administration of the estate in the court of such county should be considered the principal one, and a subsequent probate at the place of his domicile only ancillary thereto.

SAME—PERSONAL PROPERTY—DOMICILE—WHAT LAW GOVERNS. Upon the probate of a will of a nonresident, his personal property in this state should be administered according to the laws of his domicile.

1Reported in 86 Pac. 560.

CHARITIES—WILLS—VALIDITY.  A will creating a trust for the establishment of a home for orphans and widows, leaving the management and control, and the amount to be devoted to the support of widows, wholly and entirely within the discretion of the trustees and their successors, is valid.

COURTS — JURISDICTION — INJUNCTION AGAINST ACTION IN OTHER STATE.  A citizen of this state and domiciled here can be enjoined from prosecuting an action in another state against a citizen of this state, upon a proper showing of facts, and such injunction is not an attempt to control the action of foreign courts; and a clear estoppel by a full settlement of the matter in controversy, whereby the foreign suit would be unconscionable and inequitable is a sufficient showing of facts.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered May 19, 1905, in favor of the plaintiffs, after a hearing on the merits before the court without a jury, enjoining the prosecution of a proceeding in another state attacking a will.  Affirmed.

*T. H. Crawford, C. E. Cochran* and *Happy & Hindman,* for appellant, contended, among other things, that where a common citizenship does not exist, the jurisdiction of a court of equity to grant injunction does not exist, however clear an equity is made out by plaintiffs.  *Miller v. Gittings,* 85 Md. 601, 37 Atl. 372, 60 Am. St. 352, 37 L. R. A. 654; *Sandage v. Studabaker Bros. Mfg. Co.,* 142 Ind. 148, 41 N. E. 380, 51 Am. St. 165 and note; *Hawkins v. Ireland,* 64 Minn. 339, 67 N. W. 73, 58 Am. St. 534 and note; *Cunningham v. Butler,* 142 Mass. 47, 6 N. E. 782, 56 Am. Rep. 657 and note; *Griggs v. Docter,* 89 Wis. 161, 61 N. W. 761, 46 Am. St. 824, 30 L. R. A. 360; Story, Equity Jurisp. 899.  Dorothy and Reser were domiciliary executors, by appointment from the county court of the state of Oregon for Umatilla county; and the proceedings in Walla Walla county probate court were ancillary merely.  *In Re Ortiz's Estate,* 86 Cal. 306, 24 Pac. 1034, 21 Am. St. 44; Schouler, Executors and Administrators (2d ed.), § 175; *Goodall v. Marshall,* 11 N. H. 88, 35 Am. Dec. 472.  The testator being domiciled in Umatilla county, Oregon, the probate

court of that county has exclusive original jurisdiction to probate this will in so far as the will attempts to dispose of real property in Oregon, or personal property wheresoever situated, and to determine the validity of its attempted disposition of such personal property; and the probate in Walla Walla county is not binding upon the courts of Oregon. *Scripps v. Wayne,* 131 Mich. 265, 90 N. W. 1061; 100 Am. St. 614; *Manuel v. Manuel,* 13 Ohio St. 458; *Bate v. Incisa,* 59 Miss. 513; *Sturdivant v. Neill,* 27 Miss. 157; *Stark v. Parker,* 56 N. H. 481; *Drexel v. Berney,* 122 U. S. 241, 7 Sup. Ct. 1200, 30 L. Ed. 1219; *Overby v. Gordon,* 177 U. S. 214, 20 Sup. Ct. 603, 44 L. Ed. 741; *Enohin v. Wylie,* 10 H. L. Cas. 1; *In Re Clayson's Will,* 24 Ore. 542, 34 Pac. 358.

*Cary M. Rader, Wm. H. Upton,* and *Will R. King,* for respondents.

CROW, J.—On November 17, 1902, Joseph Stubblefield, domiciled in Umatilla county, Oregon, a few miles from Walla Walla, Washington, died testate, being then about seventy-nine years of age. About the year 1874 he intermarried with Cassann Stubblefield, the appellant herein. If either of said parties had contracted a prior marriage, that fact is not disclosed by the record. There never was any issue of said marriage; at least, no such issue survived Joseph Stubblefield. At the date of their marriage, the appellant, Cassann Stubblefield, had no estate whatsoever, but Joseph Stubblefield was then worth from seventy-five to one hundred thousand dollars, and from that time his only occupation consisted in loaning his money and caring for his estate. His good management caused his estate to so increase that, at his death, he was possessed of about $180,000 in money, notes, mortgages and other securities, then deposited with his bankers in Walla Walla, Washington, and also of about $10,000 in real estate, forty-eight acres thereof being his home place in Umatilla county, Oregon, valued at $2,400,

and the remainder being in Walla Walla and Columbia counties, Washington.

On May 5, 1902, at Walla Walla, Washington, said Joseph Stubblefield executed his last will and testament in compliance with the laws of Washington, and, also, of Oregon. On September 1, 1902, at his home in Umatilla county, Oregon, he in like manner executed a codicil to said will. At his instance the will and codicil were deposited with his bankers in Walla Walla, Washington, who had possession of the same at the date of his death. Said will named the respondent C. M. Rader, a resident of Walla Walla, Washington, and the respondents R. M. Dorothy and E. A. Reser, residents of Umatilla county, Oregon, as executors, and, also, as trustees of the trust hereinafter mentioned. The testator devised to his wife the sum of $6,000, together with a life estate in five acres of the home place in Oregon, which included the house, barn, and outbuildings. Subject to said life estate and the widow's dower, to which she was entitled under the laws of Oregon; the home place of forty-eight acres was devised to one Francis M. Stubblefield, a nephew of the testator. A large number of other devises in money, ranging in sums from $200 to $2,500, and aggregating about $25,000, were also made, mostly to relatives and collateral heirs. The residue of the estate was devised by clause 31 of said will as follows:

"Thirty-first—I hereby bequeath and devise to R. M. Dorothy, E. A. Reser, of Umatilla county, state of Oregon, and C. M. Rader, of Walla Walla county, state of Washington, my executors and the survivors or survivor of them and to their successors, hereinafter provided for as trustees, all the rest and residue of my estate, real and personal and mixed, of whatsoever kind, and wheresoever situated, in trust, to be devoted to, invested and the income thereof to be expended by said trustees and their successors for the establishment, maintenance and support of a home for the fatherless or motherless and indigent children, residents of the states of

Oregon and Washington, and worthy elderly, indigent widows, residents of Oregon and Washington, and to their maintenance and to the giving of a common school education and to the teaching of some useful trade or occupation to the children inmates thereof. My said executors as such trustees and the survivors or survivor thereof and their successors shall have the sole and exclusive control and management of said home the amount of said income to be devoted to the maintenance, support and education of children and the amount to be devoted to the support of widows shall wholly and entirely be within the discretion and judgment of said trustees and their successors. . . . It is my wish that said home be located at or near the city of Walla Walla, Washington, provided that within one year after the probate of my will there be donated to said trustees and to their successors, the sum of ten thousand dollars or its equivalent in value for the purpose of securing ground and the erection of suitable buildings for such home. In case said sum or its equivalent in value be not so donated then said home to be located at some other suitable place in either Washington or Oregon, to be selected by said trustees. ; . . "

On November 20, 1902, said will and codicil were admitted to probate by the superior court of Walla Walla county, Washington, and the respondents Rader, Dorothy and Reser were appointed executors. Afterwards an inventory and appraisement were filed, showing real and personal property in this state of the total appraised value of $180,254.21, all of which was scheduled as the separate property of said decedent. On December 27, 1902, upon the return of said inventory and appraisement and upon a hearing had, the court adjudged said estate to be solvent, and made an order authorizing said executors to administer the same without the intervention of said court, said will so directing. Shortly after the death of her husband, appellant, being then about eighty years of age, moved to Walla Walla, Washington, where she resided continuously until the trial of this action. She did not object to said probate proceedings, nor did she at any time prior to March 26, 1904, attempt to have said will probated by any Oregon court. On December 20, 1902,

the appellant appeared in the superior court of Walla Walla
county, Washington, and filed a petition, asking a reasonable
allowance out of said estate for her support during the pro-
gress of administration. This petition was heard and de-
nied on December 30, 1902. Shortly after the probating of
said will, the executors paid one small legacy, notified appel-
lant that they were ready to pay the $6,000 due her, and they
were also about to settle other legacies.

About this time appellant indicated to the executors that
she was not satisfied with the provision made for her by the
will. She then claimed that the personal property and the
real estate in Washington were community property, and that
she was entitled to one-half thereof under the laws of Wash-
ington. She also insisted that the will, and especially the
thirty-first clause thereof, was void. These claims were re-
sisted by the executors, who maintained the entire will was
valid, and that all property in their possession was the sep-
arate property of their testator. Thereupon appellant em-
ployed an attorney, through whom she threatened litigation
for the purpose of questioning the validity of said will, espe-
cially said thirty-first clause. Under these conditions the
executors refrained from paying legacies or disbursing any
funds until they could secure an adjustment of all claims
made by appellant. After some dispute, a settlement was
proposed to appellant's attorney, but was rejected by him
without being submitted to her. The offer was also with-
drawn by respondents.

About this time appellant's attorney moved to Seattle, and
ceased to render further service in the matter, but some of
appellant's friends approached respondents for the purpose of
securing a settlement. On account of appellant's advanced
age, respondents, one of whom—Rader—was an attorney, re-
fused to meet appellant unless she was represented by coun-
sel. She declined to employ another attorney, but a meeting
was held at which, the executors and herself being present,
she was represented by George McGuire, B. A. McGuire,

and W. P. Winans, who were also present. George McGuire
was her nephew, an educated business man, who had been
auditor of Walla Walla county, Washington. B. A. McGuire
was her brother, and W. P. Winans was president of the
Farmers Savings Bank of Walla Walla, Washington. At
this conference it was stipulated that the $6,000 legacy should
be paid appellant; that in addition thereto, she should be paid
$4,000 in cash; that the executors should deed to her a house
and two lots in Walla Walla, Washington, valued at $2,500;
that they should settle the demands of her attorney in a sum
not to exceed $500, and that they should pay her $50 per
month for her support from the date of her husband's death
as long as she lived. She was to convey to the executors all
of her interest in the Oregon land, being her life estate in the
four acres and her dower interest in the entire tract. This
settlement was fully closed. The executors paid appellant
$10,000 in cash, being the $6,000 legacy and $4,000 addi-
tional. They paid her $50 per month from the date of her
husband's death to the date of the trial of this action in-
clusive. They conveyed to her the house and two lots in
Walla Walla, Washington. They also paid her attorney
about $360, in settlement of his fee. Appellant conveyed her
interests in the Oregon real estate to the respondents, and,
also, executed and delivered to them the following instru-
ment:

"Know all men by these presents, That whereas Joseph L.
Stubblefield, by his last will and testament in writing bearing
date of the 5th day of May, 1902, did, among other legacies
therein contained, give and bequeath unto the undersigned
Cassann Stubblefield the sum of six thousand dollars, and
in his said will and testament did make and constitute R. M.
Dorothy, E. A. Reser and C. M. Rader, the sole executors
of said will and testament. Now therefore I hereby acknowl-
edge the receipt from the said executors of said legacy or
sum of six thousand dollars, so given and bequeathed as afore-
said, and in addition thereto the sum of four thousand dollars,
the receipt of which is hereby acknowledged, and in consid-
eration of the aforesaid payments I do hereby acquit, release

and discharge the said executors and the estate of the said Joseph L. Stubblefield, deceased, from all legacies, dues, demands, actions, causes of action, suits, controversies, and claims of every nature and kind which I have or may have against said executors or against said estate, and I also hereby in consideration of the aforesaid payments, relinquish all and every claim which I have or may have against said executors or against said estate, and I also hereby in consideration of the aforesaid payments, relinquish all and every claim which I have or may have to any and every portion of said estate. Dated this 16th day of March, 1903."

The respondents executed and delivered to appellant the following instrument:

"Walla Walla, Wash., March 16, 1903.

"For and in consideration of Mrs. Cassann Stubblefield having this day relinquished to the executors of the estate of Joseph L. Stubblefield all her right, interest and title in and to all property belonging to the estate of her late husband, Joseph L. Stubblefield, deceased, the undersigned as executors and trustees under the last will and testament of Joseph L. Stubblefield, deceased, hereby agree to pay to said Cassann Stubblefield, during the term of her natural life, the sum of fifty (50) dollars per month, the said payments being made on the 1st day of each and every month, as near as possible."

The only estate of said decedent, so far as appears from the record, located in Oregon, was the home place of forty-eight acres in Umatilla county. By virtue of the above settlement, appellant ceased to have any interest in said land. As the executors and trustees desired to convey said land by a good chain of title to Francis M. Stubblefield, to whom it had been devised, they, on March 26, 1903, and after the completion of said settlement, filed in the county court of Umatilla county, Oregon, a court of probate jurisdiction, a petition asking for the probate of said will on certified copies of the previous probate thereof had in Walla Walla county, Washington; and, also, prayed that they be appointed executors. On the same day said county court of Umatilla county, Oregon, made an order admitting said will to probate, ap-

pointed Dorothy and Reser executors, they being residents of Oregon, declined to appoint Rader he being a resident of Washington, appointed appraisers of the estate and directed notices to creditors to be published. The record before us fails to show what, if anything, further has been done in this proceeding, other than the filing of an inventory and appraisement, and, also, fails to show that appellant ever appeared therein.

On March 11, 1904, in a new and independent proceeding, appellant filed a petition in said county court of Umatilla county, Oregon, in which she alleged the death of her husband; that he was domiciled in Oregon; that he was seized of an estate in Oregon and Washington of over $200,000; that she was his widow; that he left no children or other lineal descendants; that he left what purported to be his last will and, also, a codicil thereto; that after making certain devises, said will disposed of the residue of his estate by said thirty-first clause, which she set forth at length; that as the said Joseph Stubblefield was at the time of his death domiciled in Oregon, the county court of Umatilla county in said state had exclusive jurisdiction of the original probate of said alleged will and the settlement of his estate, including all real estate in Oregon and all personal property wherever located; that notwithstanding said facts, said C. M. Rader, having possession of said will, had filed the same and caused it to be probated in Walla Walla county, Washington, and thereafter, on March 26, 1903, had caused a certified copy of said will and the decree of probate of the superior court of Walla Walla county, Washington, to be filed in the county court of Umatilla county, Oregon, and had asked that it be admitted to probate there; that said petition had been granted; that said Dorothy and Reser had been appointed executors by said court of Umatilla county, Oregon; that on May 15, 1903, an inventory and appraisement had been filed in said county court of Umatilla county, Oregon; that the only property mentioned therein was said forty-eight acres

of land which was appraised at $2,400; that all personal property of said testator, amounting to about $200,000, was omitted from said appraisement; that said last will and testament, in so far as it purported to dispose of real property and particularly said personal property amounting to $200,-000, should be construed, and its validity determined by. the county court of Umatilla county, Oregon, the domicile of said testator at the time of his death; that the pretended probate of said purported will in the superior court of Walla Walla county, Washington, in so far as it affected said $200,000 of personal property, was void; that the filing of a certified copy thereof in the county court of Umatilla county, Oregon, and all proceedings had thereunder were void; that the said Joseph Stubblefield did not have testamentary capacity; that said purported will was not his last will and testament; that in any event said trust clause was void; that as to the residue of his estate covered by said trust he died intestate, and that said Cassann Stubblefield, as his only heir at law, would inherit said residue of his estate under the laws of Oregon.

By said petition appellant prayed that a citation be issued, compelling said Rader, Dorothy, and Reser to produce said original will for probate in said county court of Umatilla county, Oregon; that upon the hearing of a petition for the original probate thereof said pretended will be decreed to be void, and not the last will and testament of said Joseph Stubblefield, deceased; that as alternative relief said trust clause be adjudged to be void; that said Rader, Dorothy, and Reser be required to account for all property of said estate that had come into their possession, including all real estate in Oregon and all personal property wherever found, and that other relief be afforded. Upon this petition a citation was issued and served upon Dorothy and Reser, who were residents of Oregon, but the same has never been served upon Rader, a citizen of Washington. Appellant, at the time of filing this petition, retained, and has ever since retained,

said $10,000, said monthly payments, and said real estate in Walla Walla, Washington. In her petition she made no allusion whatever to the settlement which she had theretofore made with the respondents.

Immediately after the filing of said petition and before the citation had been served upon the respondent Rader, the respondents Rader, Dorothy, and Reser, in their capacity as trustees and on behalf of said trust, commenced this equitable action in the superior court of Walla Walla county, Washington, to enjoin said appellant Cassann Stubblefield, then a resident of, and within, the state of Washington, from further prosecuting said proceeding before the county court of Umatilla county, Oregon, and from serving the citation issued thereon.

In their amended complaint all the facts above detailed are fully pleaded, and in addition thereto respondents alleged that, after said settlement of March 16, 1903, had been made, they as executors had fully settled said estate under the laws of Washington; that they had expended about $40,000 in the payment of legacies, expenses of administration, and in behalf of said trust; that after full settlement they had paid the residue of said estate to themselves as trustees under said will; that the city and citizens of Walla Walla had raised and paid to them as trustees the sum of $10,000 to secure the location of said home; that they had expended large sums of money in establishing said home; that there were no debts of said estate, either in Washington or Oregon; that in all said acts performed by them they had relied upon the fact that appellant had made said settlement, and that she was thereby estopped from contesting the validity of said will or said trust clause, or from making any further claim against said estate; that said county court of Umatilla county, Oregon, was a court of limited probate jurisdiction; that the respondents could not plead any equitable defense therein; that said court had no jurisdiction to try a contest of said will, nor had it jurisdiction to pass upon the validity of said trust

clause, and that by reason of its limited jurisdiction said county court of Umatilla county, Oregon, could not afford respondents full and equitable relief.

A temporary restraining order issued and served on appellant was continued *pendente lite*. Appellant in her answer pleaded all the allegations of her petition to the county court of Umatilla county, Oregon, and that said settlement of March 16, 1903, was procured by the fraud of respondents. By way of counterclaim she further pleaded that said trust clause was void. As affirmative relief she asked that the residue of said estate devised for the purposes of said trust be paid to her as the sole heir at law of Joseph Stubblefield under the laws of Oregon. Both parties fully pleaded and, on the trial, placed in evidence all laws of Oregon affecting any issue in this case. The issues being completed by a reply, the trial court, without making findings of fact or conclusions of law, entered a judgment in favor of respondents, by which it was decreed that said Cassann Stubblefield and all of her attorneys, agents and servants, and all persons claiming, or to claim, by, through or under her, be enjoined from serving said citation or causing said citation to be served on respondents, and from taking any other step or proceeding in said county court of Umatilla county, Oregon, and from asserting any title, right, or claim of interest in or to any property whatsoever of which said Joseph Stubblefield died seized or possessed, except through or under the letters testamentary or through or from a grant or conveyance from the respondents or their successors. From said final judgment this appeal has been taken.

The death of Cassann Stubblefield, which occurred in October, 1905, has been suggested to this court, and her administrator has been substituted as appellant, and now prosecutes this appeal.

In making the above statement, which is necessarily of considerable length, we have only stated facts which we find from the evidence. We also find that, although Cassann

Stubblefield was very old and feeble at the time of said settlement, made on March 16, 1903, she was in no way defrauded by respondents or any other person; nor was any undue advantage taken of her. In fact, at the instance and request of respondents, she was represented by intimate friends and relatives, who were in every way competent, and who not only gave careful attention to her interests, but also fully advised her and explained to her the full character, terms and effect of said settlement; that she at no time made any complaint of said settlement, until after she had filed her petition in the county court of Umatilla county, Oregon; that on the faith of said settlement, respondents had fully closed said estate in Washington, had made large disbursements in payment of legacies and otherwise, had turned said estate over to the trustees, and had themselves, as such trustees, entered upon the performance of their duties.

As we conclude that, under the foregoing facts, the appellant should be estopped from questioning the validity of said will or any portion thereof, either in the courts of Oregon or those of Washington, and, also, from claiming any further interest in said estate, it will not be necessary for us to discuss many of the interesting questions raised in the briefs. The appellant, in substance, contends that the trial court erred (1) in retaining jurisdiction of the subject-matter of this action and in entering the final decree of injunction; (2) in not dismissing the amended complaint. As these assignments of error involve the same questions, they can be considered together.

There is no question but that the superior court of Walla Walla county, Washington, had jurisdiction to admit said will and codicil to probate on original proof thereof. Bal. Code, § 6087 (P. C. § 2371), provides that:

"Wills shall be proved and letters testamentary or of administration shall be granted . . . (3) in the county in which any part of his [the decedent's] estate may be, he hav-

ing died out of the state, and not having been a resident thereof at the time of his death."

It is not necessary as a condition precedent to such probate that a nonresident's will shall be first proved in the courts of the state of his domicile, according to the laws thereof. *In re Clayson Estate,* 26 Wash. 253, 66 Pac. 410. The will of Joseph Stubblefield having been regularly admitted to original probate on November 20, 1902, in this state, by a court of competent jurisdiction, could within one year thereafter have been contested in the manner provided by Bal. Code, § 6110 *et seq.* (P. C. § 2405). The appellant, however, instead of instituting any contest within that time, accepted her legacy under the will, and for an additional valuable consideration released all claims against said estate. By these acts she was thenceforth estopped from contesting said will or asserting the invalidity of any provision thereof in the courts of this or of any other state. Page, Wills, § 326; *Gorham v. Dodge,* 122 Ill. 528, 14 N. E. 44; *Wilbanks v. Wilbanks,* 18 Ill. 17; *Hyde v. Baldwin,* 17 Pick. 303; *Smith v. Smith,* 14 Gray 532.

Appellant now contends that a will should first be probated in the courts of the state in which the testator was domiciled at the date of his death; that the principal administration must be conducted in said courts; that thereafter said will may be probated as a foreign will in any other state where the testator may have left property, either real or personal; and that in the latter state the administration will be ancillary only. While conceding that real property belonging to an estate must be administered according to the laws of the state of its situs, appellant further contends that all personal property must be administered according to the law of the domicile of the decedent; that by reason of these principles, the only valid probate of the will of Joseph Stubblefield in any Oregon court would be an original probate, and not one made upon certified copies from Washington; that the Oregon administration must necessarily be the principal admin-

istration, while the Washington administration would be ancillary thereto and could only be conducted for the purpose of (1) administering upon real estate in Washington according to the laws of that state, and (2) securing possession of the personal property in Washington and, after the payment of debts and costs of administration in this state, remitting the remainder of the proceeds of said personal estate to the administrators or executors in Oregon for administration under the laws of that state. Although we will, in this opinion, point out certain distinctions from these contentions, there is no question but that in the main they are well founded in principle and sustained by authority. 14 Cyc. 21, and cases cited; Schouler, Executors (3d ed.), §§ 162-183; *Goodall v. Marshall* (11 N. H. 88), 35 Am. Dec. 472, with editor's annotations.

On the subject, however, of the alleged distinctions arising between principal and ancillary administration, and as bearing upon the functions of each, we think the language used in *Harvey v. Richards,* 1 Mason 381, is especially pertinent here. In that case Mr. Justice Story, at page 415, said:

"I have no objection to the use of the terms principal and auxiliary, as indicating a distinction in fact as to the objects of the different administrations; but we should guard ourselves against the conclusion, that therefore there is a distinction in law as to the rights of parties. There is no magic in words. Each of these administrations may be properly considered as a principal one, with reference to the limits of its exclusive authority; and each might, under circumstances, justly be deemed an auxiliary administration. If the bulk of the property, and all the heirs and legatees and creditors were here, and the foreign administration were only to recover a few inconsiderable claims, that would most correctly be denominated a mere auxiliary administration for the beneficial use of the parties here, although the domicile of the testator were abroad."

Adopting here the above argument of Mr. Justice Story, we think the administration of the Stubblefield estate conducted in Washington should be considered the principal one, and

that any which it may become necessary to conduct in Oregon would be ancillary thereto. There is no reason why the courts of a state other than the domicile of a decedent could not, after the payment of costs and debts, administer and distribute the personal estate within their jurisdiction according to the laws of the state of such domicile. Indeed, in the exercise of a proper discretion, this would, under some circumstances, be a duty required of them.

"As a general rule assets remaining in the hands of an ancillary representative after paying the claims of local creditors will be transferred to the place of the domicile for distribution. This rule, however, is not absolute or inflexible, but on the contrary the transfer will or will not be made as the court may deem proper in the exercise of a sound judicial discretion according to the circumstances of the case. . . . The court may in its discretion order that the residue of assets remaining in the hands of an ancillary representative after paying the claims of local creditors be retained and distributed by him instead of being transmitted to the principal representative, and in a number of cases it has been held that under the circumstances of the particular case a retention of the assets was proper. But since the distribution of and succession to personal property, wherever situated, is governed by the laws of the state or country where the owner had his domicile at the time of his death, the distribution when made by the ancillary representative must be according to the law of the domicile." 18 Cyc. 1235, 1236.

See, also, *Fretwell v. McLemore,* 52 Ala. 124; *Swearingen v. Morris,* 14 Ohio St. 424; *Succession of Gaines,* 46 La. Ann. 252, 49 Am. St. 324; *Welles' Estate,* 161 Pa. St. 218, 28 Atl. 1116, 1117.

The practical result of an administration of the personal estate of Joseph Stubblefield under his will would be the same in both Oregon and Washington. Under the laws of Oregon all the personalty, being the decedent's separate estate, could be devised by will. This was done, and under said will, the appellant would be entitled to receive no more under an Oregon administration than has been distributed to her

in Washington. She contends, however, that the trust clause is invalid; that as to the property attempted to be devised thereby, Joseph Stubblefield died intestate; that she would inherit the same; and that she is entitled to have the validity or invalidity of said trust determined in the courts of the testator's domicile. We think the clause valid, and while we cannot assume to speak for the Oregon courts, we nevertheless believe they would make the same holding. *In re Stewart's Estate,* 26 Wash. 32, 66 Pac. 148, 67 Pac. 723; *Raley v. Umatilla County,* 15 Ore. 172, 13 Pac. 890, 3 Am. St. 142; *Pennoyer v. Wadhams,* 20 Ore. 274, 25 Pac. 720; *In re John's Will,* 30 Ore. 494, 47 Pac. 341, 50 Pac. 226. In any event, the appellant, by reason of the equities in favor of the respondents disclosed by the record, should be estopped from contesting the will or said thirty-first clause, in the courts of this state or any other state.

At the time appellant instituted in the county court of Umatilla county, Oregon, the proceedings here complained of, she was residing in the state of Washington. The respondent Rader was also a citizen of this state. As long as appellant remained a citizen of this state and was domiciled here, the superior court of Walla Walla county had jurisdiction over her person, and also over her personal relations to the respondent Rader, one of said trustees. That one citizen of this state can be enjoined from prosecuting a suit in the courts of another state against his fellow citizen upon a proper showing of facts is an equitable rule well established and almost universally recognized. It is not contended that the courts of this state in exercising such authority proceed upon any claim of right to control, or that they would thereby attempt to control or stay legal proceedings in the courts of another state or a foreign country. That is not the purpose of such an exercise of equitable jurisdiction. The writ of injunction is issued as a proceeding *in personam,* directed against a citizen of this state, residing within its jurisdiction, and who can be reached and controlled by its restraining

power. The writ does not pretend or attempt to control the actions of any foreign court. It simply considers the equities existing between the parties before it, and within its jurisdiction makes a decree in accordance therewith and enforces obedience to such decree. It is contended by the appellant that a common citizenship does not exist between all of the parties herein, as Dorothy and Reser are domiciled in Oregon. While this is true, we cannot see that it deprives respondents of their equitable right to this action. Mr. Rader is a resident of this state. The trust created by the thirty-first clause of the will is being performed in this state. The widows and orphans' home is located in Walla Walla county. The trustees have in their possession, within the state of Washington, the funds belonging to said trust, and are here using the same in strict compliance with the terms of the trust. For the purposes of this case, all of the parties herein, and, also, all the property involved, were personally within the jurisdiction of the trial court, which therefore not only had power to afford equitable relief to the plaintiffs, but was in a position to do so.

Mr. High, in the third edition of his work on Injunctions, at § 106, says:

". . . the courts of one state will, in a proper case, enjoin persons within their jurisdiction from instituting legal proceedings in other states, or from further proceedings in actions already begun. As we have seen in a preceding section, a distinction is drawn between a court of equity interfering with the action of the courts of a foreign state, and restraining persons within its own jurisdiction from using foreign tribunals as instruments of wrong and oppression. While, therefore, the court will assume no control over the course of the proceedings in the foreign tribunal, it may and will interfere to prevent those who are amenable to its own process from instituting or carrying on suits in other states which will result in injury and fraud."

In *Engle v. Scheuerman*, 40 Ga. 206, 2 Am. Rep. 573, the supreme court of Georgia says:

"There is a clear distinction as to the power and authority of a court of equity, in this state, to restrain by injunction the *proceedings of a court* in another state, and the power and authority of such court, to restrain, by injunction, *the personal action of a citizen of this state.* In the one case, a court of equity in this state has no jurisdiction, in the other, it has jurisdiction to restrain, by injunction, the *personal action* of the defendant himself from enforcing an *unconscientious* demand in another state, whether that demand is reduced to judgment or not, upon a proper case being made."

In *Dehon v. Foster,* 4 Allen 545, Chief Justice Bigelow says:

"The authority of this court as a court of chancery, upon a proper case being made, to restrain persons within its jurisdiction from prosecuting suits either in the courts of this state or of other states or foreign countries, is clear and indisputable. In the exercise of this power, courts of equity proceed, not upon any claim of right to interfere with or control the course of proceedings in other tribunals, or to prevent them from adjudicating on the rights of parties when drawn in controversy and duly presented for their determination. But the jurisdiction is founded on the clear authority vested in courts of equity over persons within the limits of their jurisdiction and amenable to process to restrain them from doing acts which will work wrong and injury to others, and are therefore contrary to equity and good conscience. As the decree of the court in such cases is pointed solely at the party and does not extend to the tribunal where the suit or proceeding is pending, it is wholly immaterial that the party is prosecuting his action in the courts of a foreign state or country. If the case stated in the bill is such as to render it the duty of the court to restrain a party from instituting or carrying on proceedings in a court in this state, it is bound in like manner to enjoin him from prosecuting a suit in a foreign court. 2 Story on Eq. §§ 899, 900. *Mackintosh v. Ogilvie,* 3 Swanst. 365, n., & 4 T. R. 193, n. *Carron Iron Co. v. Maclaren,* 5 H. L. Cas. 416, 445. *Maclaren v. Stainton,* 16 Beav. 286. *Massie v. Watts,* 6 Cranch. 158. *Briggs v. French,* 1 Sumner 504. *Dobson v. Pearce.* 4 Duer 142; *S. C.* 2 Kernan, 156. All that is necessary to sustain the jurisdiction in such cases is, that the plaintiff should show a

clear equity, and that the defendant should be subject to the authority and within the reach of the process of the court." See, also, 6 Pomeroy, Eq. Jurisp., § 670; 2 Story, Eq. Jurisp. (13th ed.), §§ 899, 900; 16 Am. & Eng. Ency. Law (2d ed.), 421; *Cole v. Cunningham,* 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538; *Pickett v. Furguson,* 45 Ark. 177, 55 Am. Rep. 545; *Keyser v. Rice,* 47 Md. 203, 28 Am. Rep. 448; *Hager v. Adams,* 70 Iowa 746, 30 N. W. 36; *Snook v. Snietzer,* 25 Ohio St. 516.

We think the above authorities, and many others to which they refer, fully state the equitable principles involved in this case, and amply sustain the action of the superior court of Walla Walla county, Washington, in affording the equitable relief that it has granted herein. The respondents have pleaded and shown many clear equities in their favor. It is not necessary for us to enter upon a detailed discussion of the evidence to show that such equities exist. The facts above stated are sufficient without further discussion. To permit the appellant to prosecute the proceedings which she has commenced in the courts of another state, after making the settlement above mentioned, would be to permit her to perform a most unconscionable and inequitable act, to the great prejudice and injury of the respondents. From a careful examination of the entire record, we fail to find that any error has been committed by the honorable superior court. The judgment is affirmed.

MOUNT, C. J., ROOT, HADLEY, FULLERTON, DUNBAR, and RUDKIN, JJ., concur.