[No. 14708. Department Two.   August 3, 1918.]

WILLAPA HARBOR SAND & GRAVEL COMPANY, *Appellant,*
v. PACIFIC COUNTY, *Respondent.*[1]

HIGHWAYS—STATE CONTRACTS—STATUTES—LIABILITY ON CONTRACT
MADE BY COUNTY.  Under Rem. Code, § 5879-2 *et seq.*, outlining a
general system for the improvement of permanent highways, to
be contracted for by the boards of county commissioners on ap-
proval of the state highway commissioner, and to be paid for by
the state from the state highway fund, after certificate by the
county boards, the state is a necessary party defendant in an ac-
tion to compel payment of a claim duly certified by the county
officials to the state highway commissioner; since the contract with
the county was made with reference to the act, and the state, not
the county, was liable thereon.

Appeal from a judgment of the superior court for
Pacific county, Reynolds, J., entered October 17, 1917,
dismissing an action on contract, on sustaining a de-
murrer to the complaint.  Affirmed.

*Welsh & Welsh,* for appellant.
*John I. O'Phelan,* for respondent.

CHADWICK, J.—In the summer of 1913, Pacific county
undertook the improvement of a highway known as
permanent highway No. 5.  The improvement was un-
dertaken under the permanent highway act of Laws of
1911, ch. 35, p. 118, amended Laws 1913, ch. 154, p. 484
(Rem. Code, § 5879-2 *et seq.*).  The main contract was
let to one H. B. Eckert.  Thereafter, and as part of the
same undertaking, the board of county commissioners
on behalf of the county entered into a contract with the
appellant for the furnishing of 550 cubic yards of sand,
more or less, and 1,150 cubic yards of gravel, more or
less, of a kind and quantity to be approved by the
county engineer of Pacific county.  Appellant furnished

[1]Reported in 174 Pac. 450.

cement, sand, and gravel of the reasonable value of $6,527.49. It has been paid $4,252.40, which, with the sum of $431.90 credited for sacks returned, leaves a balance due under its contract of $1,143.19.

It is admitted that Eckert completed his contract, that his work was approved by the board of county commissioners, and that it certified that the whole sum remaining due on the contract, including the amount due appellant, was due him and that he presented his claim to the state highway commissioner so certified, and that, upon this voucher, the state auditor issued warrants for the full amount due for the cost of the road. Eckert now retains possession of all of the warrants issued to him, or the funds if the warrants have been paid. This fact appearing, appellant presented a claim in the usual form to the board of county commissioners. The amount due it is not denied. After consideration, the board made findings as follows:

"In the matter of the claim of the Willapa Sand & Gravel Company for cement, sand, and gravel furnished the Contractor H. B. Eckert, on state road No. 5, the amounts and quantities and prices are found to be correct, and the same is hereby ordered certified to the state highway commissioner and state auditor for payment out of the funds called for by their contract, to wit: the permanent highway fund.

"It is ordered that a copy of the above order be forwarded to the state highway commissioner."

This certificate was presented by appellant to the state highway commissioner. That officer refused to approve it or to issue any voucher therefor and refused to certify the claim to the state auditor. Thereafter appellant demanded of the state auditor that he issue warrants for the amount of his claim and was met with a like refusal. It is conceded that there are funds in the permanent highway fund applicable to the payment of appellant's claim and sufficient in

amount.   The contract, which is made a part of the complaint, provides:

"Said sand and gravel to be deposited along the side of permanent highway No. 5 . . . and to be paid for by Pacific county, Washington, to said seller at the rate of one dollar and thirty-five cents ($1.35) per cubic yard within ten days after the monthly payments thereof shall be examined and approved by the board of commissioners of Pacific county, Washington, at their ordinary monthly session, by warrants drawn on the permanent highway funds payable to the seller."

The respondent demurred to the complaint upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defendant; that the state of Washington should have been named as a defendant.   The court sustained the demurrer, entered a judgment of dismissal, and this appeal follows.

It is the contention of appellant that the case falls within the rule of *Osborne, Tremper & Co. v. King County,* 76 Wash. 277, 136 Pac. 138, and like cases wherein it is held that, where a municipality makes a contract within the range of its power to contract and agrees to pay out of some fund, although it be in an illegal manner or from a fund not properly applicable to the payment for such services or property, the controlling principle is the initial power to make a valid contract; and where it so appears, there is an obligation to pay in some manner or from some fund.   In that case the court, referring to the case of *Hitchcock v. Galveston,* 96 U. S. 341, said:

"The plaintiff agreed to construct certain sidewalks for the defendant and take its pay in 'Galveston City Bonds for Sidewalk Improvement, at par.'   It developed that the city could not legally issue such bonds, and it thereupon sought to cancel the contract and avoid payment for the work.   The court held that, inas-

much as the city had power to make the improvement and to contract for its construction, the fact that the contractor agreed to take bonds which the city had no power to issue in payment did not defeat the contract nor relieve the city from its obligation to pay.

"They (the contractors) are not suing upon the bonds, and it is not necessary to their success that they should assert the validity of those instruments. It is enough for them that the city council have power to enter into a contract for the improvement of the sidewalks; that such contract was made with them; that under it they have proceeded to furnish materials and do work, as well as to assume liabilities; that the city has received and now enjoys the benefit of what they have done and furnished; that for these things the city promised to pay; and that after having received the benefit of the contract, the city has broken it. It matters not that the promise was to pay in a manner not authorized by law."

But manifestly these cases can have no application to the case at bar. At the session of the legislature of 1911, the state, in the exercise of its sovereign function to build and maintain highways, outlined a general system for the improvement of permanent highways in the state of Washington. In the prosecution of its scheme, it seized upon the boards of county commissioners of the several counties as convenient agents to contract directly, the plans being approved by the state highway commissioner, and to oversee the work, but no power of payment was granted to the several boards. The time and manner of payment was reserved by the state and were to be made only upon the certificate of the state highway commissioner to the state auditor. The funds are in no sense county funds. Appellant contracted with reference to this law and agreed to take its pay in accordance therewith. It is true that its contract is made directly with the board of county commissioners, but it agreed that it would

ask no more of the county than a certificate from the board that it had performed its contract. This puts appellant to the burden of seeking relief through the state highway commissioner and the state auditor.

The complaint does not state a cause of action against the county, because the board of county commissioners has done all that it agreed to do. It has fully performed its duty. It is true that it may have been guilty of a misprision in that it gave a certificate to Eckert which misled the state highway commissioner into certifying a claim in which the amount due appellant had been wrongfully included. But this did not make the county liable. It might be that appellant could maintain an action against the individual members of the board because of their negligence, or because of a wrongful diversion of the fund; but with that question we are not now concerned, and it is likely that it should not be considered even to the extent of raising the question, for appellant has charged in its complaint that there are sufficient funds in the permanent highway fund to satisfy its demand.

Those of our cases holding that a party who contracts with a municipality, and agrees to take his compensation out of a fund raised by special assessments or some special or limited fund, cannot assert a general liability or take judgment to be satisfied out of the general fund or the current expense fund of the municipality are in point. *State ex rel. American Freehold-Land Mortgage Co. v. Tanner,* 45 Wash. 348, 88 Pac. 321; *State ex rel. Security Savings Society v. Moss,* 44 Wash. 91, 86 Pac. 1129; *Potter v. Whatcom,* 25 Wash. 207, 65 Pac. 197; *Rhode Island Mortgage & Trust Co. v. Spokane,* 19 Wash. 616, 53 Pac. 1104; *State ex rel. Pierce County v. Superior Court,* 86 Wash. 685, 151 Pac. 108; *State ex rel. Bradway v. DeMattos,* 88 Wash. 35, 152 Pac. 721.

We hold that the complaint does not state a cause of action, and further that it is defective in that the state is a necessary party.

Affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and MACKINTOSH, JJ., concur.