[No. 18771. Department One. October 8, 1924.]

THE STATE OF WASHINGTON, *on the Relation of G. Chealander et al., Plaintiff,* v. W. W. MORGAN *et al., as the Board of County Commissioners of Snohomish County et al., Defendants.*[1]

CERTIORARI (6)—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL. The remedy by appeal is inadequate and certiorari lies to review the dismissal of an action to restrain the county board from letting a road contract, where, before an appeal could be heard, the contract would be let and the work completed.

COUNTIES (94)—TAXPAYER'S ACTION—INJUNCTION—RIGHT TO SUE. It is no defense to a taxpayer's suit to restrain the expenditure of public moneys on road work that the tax has already been collected and the fund raised, since the improper use of public moneys may be restrained.

HIGHWAYS (34) — CONTRACTS — TAXPAYER'S ACTION — PARTIES —LIABILITY OF STATE. The state is not a necessary party defendant to a taxpayer's suit to enjoin the improper expenditure of moneys in the "permanent highway fund;" in view of the permanent highway act, Rem. Comp. Stat., § 6773 *et seq.*, authorizing the initiation of a state highway by proceedings before the county board, and Id., § 6819, providing a general state tax levy to create the fund; especially where the action was directed only against the action of the county officials.

SAME (11, 12) — ESTABLISHMENT — PERMANENT HIGHWAYS — AUTHORIZATION TO OPEN NEW ROAD—STATUTES—CONSTRUCTION. In view of the passage at the same session of the legislature of a comprehensive act for opening and establishing new roads, Rem. Comp. Stat., § 6773 *et seq.*, was intended to cover only the subject of

[1]Reported in 229 Pac. 309.

permanent improvements upon public roads already established; so that county commissioners proceeding thereunder to establish a new road will be enjoined.

Certiorari to review a judgment of the superior court for Snohomish county, Alston, J., entered June 25, 1924, upon sustaining a demurrer to the complaint, dismissing an action for an injunction. Reversed.

*Preston, Thorgrimson & Turner,* and *B. E. Padgett,* for relators.

*Cooley, Horan & Mulvihill* and *John Richards,* for respondents.

TOLMAN, J.—This case comes before us on a writ of review, granted after notice and hearing. The action was originally brought by the plaintiffs, as taxpayers, against only the defendants acting as a board of county commissioners, for the purpose of obtaining an injunction restraining the board from awarding a contract for the construction of a purported permanent highway in Snohomish county. At the time the action was commenced, a restraining order was issued until a hearing could be had, and while the restraining order was still in force, a demurrer to plaintiffs' complaint was filed and argued, which demurrer was sustained by the trial court, and the temporary restraining order was dissolved. Thereafter, by leave of court, the plaintiffs filed a supplemental and amended complaint, making parties the additional defendants, and alleging in addition to the matters contained in the original complaint that, after the dissolution of the restraining order, the county commissioners had let a contract for the construction of the road to the additional defendants. A demurrer was afterwards sustained to the supplemental and amended complaint and a judgment of dismissal followed. The plaintiffs assign as error

the sustaining of the demurrers and the consequent dismissal of their action.

Before proceeding to the merits, it may be well to say that the defendants now ask that the writ be discharged for the reason that the plaintiffs have an adequate remedy by appeal from the final judgment rendered by the trial court. That question was argued and necessarily passed upon adversely to the defendants' contention when the writ was issued. It will suffice to say that the ordinary remedy by appeal was by the court deemed insufficient in that, before an appeal could be heard and disposed of in the ordinary course, the contemplated work would have been completed, the money would have been expended, and the plaintiffs, if they prevailed, would have had but a fruitless victory.

The case falls within the rule recognized in *State ex rel. Silver Basin Mining Co. v. Superior Court,* 110 Wash. 559, 188 Pac. 384; *State ex rel. Bayless v. Superior Court,* 116 Wash. 535, 199 Pac. 977; and *State ex rel. Daigneault v. Superior Court,* 124 Wash. 90, 213 Pac. 677, as well as many other earlier cases. That such a writ will issue where the fruits of victory will otherwise be lost pending an appeal, is too well settled to call for further comment.

The demurrers raised the questions of the plaintiffs' right to maintain the action, and necessity of the state being joined as a party defendant, and whether or not the facts pleaded were sufficient to warrant relief. The ruling of the trial court seems to have been predicated upon the first two of the questions mentioned.

Both the original and the amended complaints alleged that the plaintiffs are taxpayers of Snohomish county, and that the carrying out of the work will result in the unlawful expenditure of permanent high-

way funds collected from the taxpayers of Snohomish county and held in trust in the state treasury; and also of current expense funds raised by general taxation. It seems to be argued that the money in the permanent highway fund, being already collected, its expenditure will cause no additional burden on the taxpayers, and that the amount to be used from the current expense fund will go to pay the salary and expenses of the county engineer while engaged on the work, and that a like amount would be used if the engineer were engaged in other work; hence no additional burden is thus placed on the taxpayers. But we can see no force to such an argument. The money in both funds has been collected from the taxpayers to be properly and lawfully expended for their benefit, and if illegally or improperly expended the taxpayer loses the benefit which he would otherwise have received from his contribution. He may therefore maintain an action to enjoin the improper use of either fund. *Shanstrom v. Case,* 103 Wash. 672, 175 Pac. 323, and cases there cited.

It is earnestly contended that the state was a necessary party. The proceedings complained of seem to have been taken from the permanent highway act, ch. 35, Laws of 1911, p. 118 (Rem. Comp. Stat., § 6773 *et seq.*) [P. C. § 6157 *et seq.*]. A careful reading of the act in question will clearly demonstrate that the initiative lies with the county and not with the state. Proceedings are initiated by a petition presented to the board of county commissioners, or by resolution adopted by the board on its own motion, providing for the improvement of a public road or portion thereof, and the statute requires no notice to the state until after the board shall have adopted a resolution providing for the improvement. Likewise the county commissioners, acting through the county engineer, are re-

quired to prepare profiles, maps, plans and specifications and the estimated cost of the improvement and adopt the same, and to submit them to the state highway commissioner for his approval. Thereafter the board of county commissioners proceed with the work, causing vouchers to be issued upon which warrants are drawn upon the permanent highway fund to be paid in due course by the state treasurer. Section 14 of the act (as amended) provides:

"For the purpose of raising revenues for the improvement of permanent highways under the provisions of this act, the proper state officers shall levy and collect a tax of one and one-half mills upon all property in the state subject to taxation for the fiscal year commencing March first, 1913, and for each fiscal year thereafter. All moneys derived from such tax shall be paid into the state treasury and credited to a fund to be known as the 'Permanent Highway Fund.' The amounts received from each county shall be credited to the county paying the same until such time as the same shall be expended on contracts for permanent highways for such county under the provisions of this act." Laws of 1921, p. 248, § 1 [Rem. Comp. Stat., § 6819].

Thus it will be seen that the proceeding is instituted and carried through by the county under the supervision of the state highway commissioner, and that the moneys going into the permanent highway fund from which payment must be made are raised in the county and can be expended only in the county.

It will be observed that this action is directed only at those things which the statute places within the control of the board of county commissioners, and not at anything which the state or any of its officers might or could do in the premises. Thus it is clearly distinguishable from the cases of *State ex rel. Pierce County v. Superior Court,* 86 Wash. 685, 151 Pac. 108, and

*Willapa Harbor Sand & Gravel Co. v. Pacific County,*
103 Wash. 309, 174 Pac. 450, upon which the defendants
rely, and the state is not a necessary or proper party.

The complaint alleges, among other things, that the
contract price for the work is approximately $65,000;
that there is no such amount in the permanent highway
fund to the credit of Snohomish county, and that no
provision has been made for the payment of that part
of the contract price in excess of the amount available
in the permanent highway fund; that the state high-
way commissioner's approval of the plans and specifi-
cations was conditioned upon provision being made for
the payment of such excess, thus inferentially, at least,
alleging a want of approval by the state highway com-
missioner.

It is further alleged that the road is a new road and
not the improvement of an existing road, that it is not
laid out along the most feasible route connecting the
termini; that there are practically no people living
along the proposed road who would be served by the
same; that, on account of the grades, it is impracticable
to construct roads connecting with the proposed road
except at the termini thereof; that the cost is far in
excess of the cost of improving as a permanent high-
way the present existing road running between the
same termini, and that if the defendants are allowed
to proceed with the construction of the proposed high-
way it will exhaust the highway funds which would
otherwise be available for the proper improvement of
existing roads, thus preventing existing roads which
are now available for improvement as permanent high-
ways from being improved, and will also exhaust the
current expense fund of the county necessary for other
legal purposes.

The most of these allegations involve questions of
fact, and if established would warrant the relief sought.

The only allegation presenting a purely legal question is that of the proposed road being a new road and not the improvement of an existing road contemplated by the statute. This question appears to have been discussed in *Gregory v. Commissioners of Kitsap County,* 110 Wash. 476, 188 Pac. 761. It is true that in that case the question presented was the right to condemn a right of way for a new road under this act, but the statute was construed as a whole, its title and terms were analyzed, and it was there said:

"Reading the act as a whole, and taking into consideration that the legislature, at the same session, passed a comprehensive act for the opening and establishing of new roads, it seems to be clear and plain that the legislature, by the permanent highway act, intended to cover only the subject of permanent improvements upon public roads already established;      .      .      ."

The legislature has twice met since that construction was placed upon the act without, so far as we are advised, taking any steps to amend it in this particular, and we must presume that it has acquiesced in that construction. Therefore this allegation presents an issue of fact sufficient, if established by the evidence, to warrant relief.

For the reasons pointed out, the judgment of the trial court is reversed with directions to overrule the demurrer to the supplemental and amended complaint.

MAIN, C. J., PARKER, PEMBERTON, and BRIDGES, JJ., concur.