[No. 34965. *En Banc.* November 27, 1959.]

THE STATE OF CALIFORNIA, *Respondent,* v. THE STATE TAX COMMISSION, *et al., Appellants.*[1]

*The Attorney General, Elvin J. Vandeberg* and *Robert J. Doran, Assistants,* for appellants.

*Smith Troy* and *Don Cary Smith,* for respondent.

[1]Reported in 346 P. (2d) 1006.

OTT, J.—June 5, 1918, William Zellers, a resident of the state of California, died intestate and without heirs. He was the owner of ten certificates, each representing one hundred shares of the capital stock of the Hecla Mining Company, a Washington corporation. The certificates were among his effects at his domicile in San Francisco, California. His estate was probated in San Francisco county, and, on August 31, 1927, in accordance with the laws of the state of California, the decedent's estate was distributed to that state.

The California authorities requested the tax commission of the state of Washington to issue an inheritance tax release of the shares of stock. The request was denied. The state of California then made application to the superior court for Thurston county for a writ of mandate directing the tax commission of the state of Washington to withdraw any claim to the stock and accumulated dividends, and to issue a release thereof to the state of California. The application for the writ was supported by an affidavit alleging facts substantially as above indicated. An alternate writ was granted by the court on December 5, 1957, and the return date was fixed for February 3, 1958.

The tax commission's answer to the affidavit and application for a writ admitted all of the material factual matters, but denied that decedent was a resident of the state of California at the time of his demise.

On the return date, the tax commission offered no proof relative to its contention that decedent was not a bona fide resident of the state of California at the time of his death. There was no dispute as to the facts. The commission's contention was solely that the shares of stock represented "property" within the state of Washington and, since the owner had died intestate and without heirs, were subject to escheat to this state.

The trial court, relying upon the rule announced by this court in *In re Lyons' Estate,* 175 Wash. 115, 26 P. (2d) 615 (1933), entered findings of fact and conclusions of law against the contention of the tax commission, and granted the writ of mandate. By agreement, execution of the

writ was stayed pending appeal to this court by the tax commission.

Appellant states in its appeal brief that the appeal presents a single issue: "Does stock in a Washington corporation owned by a nonresident decedent who dies intestate and without heirs escheat to the State of Washington or to the state of the nonresident's domicile?"

Our answer to the query is that the escheat is to the state of the nonresident's domicile.

RCW 11.08.021 provides:

"Whenever any person possessed of any property within this state shall die intestate leaving no heirs, such property shall escheat to, and the title thereto immediately vest in the state of Washington, subject, however, to existing liens thereon, the payments of decedent's debts, and the expenses of administration."

Did the decedent die "possessed of any property within this state?"

A corporation is, by legislative enactment, an entity. RCW 23.01.050; *State v. Northwest Magnesite Co.*, 28 Wn. (2d) 1, 182 P. (2d) 643 (1947); *Von Herberg v. Von Herberg*, 6 Wn. (2d) 100, 106 P. (2d) 737 (1940); *Opportunity Christian Church v. Washington Water Power Co.*, 136 Wash. 116, 238 Pac. 641 (1925); *State ex rel. Tacoma v. Tacoma R. & Power Co.*, 61 Wash. 507, 112 Pac. 506 (1911); *In re John Koke Co.*, 38 F. (2d) 232 (1930). It is such, separate and distinct from the persons who own its stock. This statutory entity, so long as it exists, is the owner of all of the property which the corporation possesses. An individual shareholder has no property interest in its physical corporate assets. The persons who are shareholders have only rights of participation in the management of the corporate affairs. RCW 23.01.010.

In the instant case, the Hecla Mining Company, during the entire time material to this proceeding, was and is an existing corporate entity. The nonresident decedent shareholder did not die "possessed of any property within this state" because of his ownership of shares of stock in the Hecla Mining Company.

Corporate shares of stock are personal property. In the administration and settlement of estates, personal property is distributed by the law of the domicile of the decedent. *In re Plasterer's Estate,* 49 Wn. (2d) 339, 301 P. (2d) 539 (1956); *Guinness v. State,* 40 Wn. (2d) 677, 681, 246 P. (2d) 433 (1952); *In re Simonds' Estate,* 188 Wash. 211, 61 P. (2d) 1302 (1936); *In re Lloyd's Estate,* 185 Wash. 61, 52 P. (2d) 1269 (1936); *In re Eilermann's Estate,* 179 Wash. 15, 35 P. (2d) 763 (1934); *In re Rowley's Estate,* 178 Wash. 460, 35 P. (2d) 34 (1934); *In re Lyons' Estate, supra; Rader v. Stubblefield,* 43 Wash. 334, 86 Pac. 560 (1906).

The domicile of the decedent, at the time of his demise, was in California. Applying the principles announced in the cited cases to the facts in the instant case, the situs of the personal property (the shares of stock), at the time of decedent's death, was California. *In re Lyons' Estate, supra.*

Appellant requests this court expressly to overrule the *Lyons* case. The *Lyons* case, in which this court construed the 1907 escheat statute (RCW 11.08.021, *supra*) as excluding nonresidents' intangible property from escheat, has been the law of this state for twenty-six years. The legislature has met in thirteen regular sessions since this court construed the escheat statute in this regard, and we must assume that the legislature has approved this court's construction of it. *Paulsell v. Peters,* 9 Wn. (2d) 599, 609, 115 P. (2d) 708 (1941); *State ex rel. Chealander v. Morgan,* 131 Wash. 145, 151, 229 Pac. 309 (1924).

We acknowledge that other jurisdictions, in interpreting their own statutes, have reached opposite results. None of those cases involves statutes which contain legislative expressions similar to ours. The reasoning upon which the *Lyons* case was based appeals to us as being sound. No new reason has been advanced sufficient to merit abandoning the rule of *stare decisis.*

The judgment is affirmed.

WEAVER, C. J., HILL, DONWORTH, FINLEY, and HUNTER, JJ., concur.

MALLERY, J. (dissenting)—I think none of the probate cases relied upon in the majority opinion are in point in an escheat case. The residence of domicile of a deceased is a decisive jurisdictional fact in probate and, under the rule of *mobilia sequuntur personam,* confers probate jurisdiction over shares of corporation stock. The rule is different in escheat cases because the statute makes the situs of the property controlling. RCW 11.08.021 provides:

"Whenever any person possessed of *any property within this state* shall die intestate leaving no heirs, such property shall escheat to, and the title thereto immediately vest in the state of Washington, subject, however, to existing liens thereon, the payments of decedent's debts, and the expenses of administration." (Italics mine.)

Under this statute, it is immaterial where an owner of property died or had his domicile. It is only necessary that he die intestate and without heirs in order to establish the fact that he does not own it any more. The failure of ownership is the sole personal factor involved in escheats. Other than that, the question is limited to the situs of the unowned property. Obviously where there is no owner, the rule of *mobilia sequuntur personam* cannot apply.

This court fixed the situs of the corporation stock in *Gamble v. Dawson,* 67 Wash. 72, 120 Pac. 1060, wherein we quoted with approval *In re Bronson's Estate,* 150 N. Y. 1, 44 N. E. 707, as follows:

" '. . . While the bondholders are simply creditors, whose concern with the corporation is limited to the fulfillment of its particular obligation, the shareholders are persons who are interested in the operation of the corporate property and franchises, and their shares actually represent undivided interests in the corporate enterprises. . . . Each share represents a distinct interest in the whole of the corporate property; . . .' "

This is a conclusive answer to the majority contention that the location of the ownerless stock certificates is controlling. The corporation has its situs in Washington, and the stock certificates merely represent ownership of an undivided share in the Washington corporation, under the *Gamble* case, *supra.*

Property and the evidences of title to it need not be confused. Real estate can be in Washington while the deed thereto can be mailed anywhere in the world. The property itself, however, is here all the while. Thus, the situs of the corporation remains unchanged, regardless of where the stock certificates may travel.

The *res* must be within this state for this court to have jurisdiction of this action. If the property is not here, we should dismiss the action, not decide it. The respondent brought it here because it knew the property is here.

I dissent.

ROSELLINI and FOSTER, JJ., concur with MALLERY, J.