

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN PIERRE REY, an individual; ILZE SILARASA, an individual, <br><br>  Plaintiffs-Appellants, <br><br> v. <br><br> MICHEL REY; RENEE REY, husband and wife; US GROWING INVESTMENTS INC., a Washington corporation; US INVESTMENT GROUP CORPORATION, a Washington corporation; VISITRADE INC., a Washington corporation; BUILDERS SURPLUS NORTHWEST INC., a Washington corporation; NEVAWA, INC., a Nevada corporation, <br><br>  Defendants-Appellees. | No.  14-35549 <br><br> D.C. No. 3:14-cv-05093-BHS <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted December 9, 2016
Seattle, Washington

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  TALLMAN and CHRISTEN, Circuit Judges, and ENGLAND,[**] District Judge.

This case involves a dispute between two brothers regarding their business dealings with one another.  We do not recount competing allegations—ranging from petty to potentially lethal—except as necessary to our disposition.  We have jurisdiction under 28 U.S.C. § 1291.

The district court granted Michel Rey's motion to dismiss based on a forum selection clause contained in a document known as the Euroinvest Agreement.  Jean Pierre Rey argues the district court erred because his claims arise from Michel's alleged abuse of a power of attorney agreement and are unrelated to the Euroinvest Agreement.  For the reasons described below, we agree.

Whether a party's claims sufficiently relate to a contract to fall within the scope of its forum selection clause is a question of law and is reviewed de novo. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1462-63 (9th Cir. 1983) ("A determination of the arbitrability of a dispute, like the interpretation of any contractual provision, is subject to de novo review."); *see also*

---

[**]     The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988) (applying arbitration clause analysis to interpret a forum selection clause).

First, we note that it is not enough for the Euroinvest Agreement to merely "relate in some way" to Jean Pierre's claims. A broad forum selection clause may reach that far by its terms, *see Mediterranean Enters., Inc.*, 708 F.2d at 1464 (noting that "the phrase 'arising under' is narrower in scope than the phrase 'arising out of or relating to'"), but the clause at issue here encompasses only disputes "stemming from" the Euroinvest Agreement. We conclude this language is comparable to "arising under" language—i.e. the forum selection clause at issue here is narrow in its scope.

Second, we conclude that although the district court correctly stated the general rule regarding the scope of a narrow "arising under" forum selection clause, it erred in applying that rule. The district court correctly stated that a narrow forum selection clause covers claims that cannot "be adjudicated without analyzing whether the parties were in compliance" with the agreement containing the clause. *Manetti-Farrow*, 858 F.2d at 514. But here, the court does not necessarily need to examine the Euroinvest Agreement to resolve Jean Pierre's claims. Neither party claims the Euroinvest Agreement authorized Michel's transfer of the Washington Corporations' stock. Rather, Michel argues he lawfully

3

transferred the Washington Corporations' stock pursuant to an oral agreement between himself and Jean Pierre, whereby Michel traded his stock in Euroinvest for Jean Pierre's stock in the Washington Corporations. Thus, the Euroinvest Agreement—which allegedly confers ownership of Euroinvest on Michel—may only become relevant if an oral agreement to trade stock is found to have existed, and even then it only potentially becomes relevant to determine whether Michel had authority to trade the Euroinvest stock in the first place. "[I]n the context of a . . . motion [to dismiss] based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party[.]" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). Because the parties dispute the existence of an oral agreement to trade stock and because "resolution of disputes over the existence of oral contracts depends on the credibility of witnesses," *Saluteen-Maschersky v. Countrywide Funding Corp.*, 22 P.3d 804, 807 (Wash. Ct. App. 2001), the district court erred when it granted Michel's motion to dismiss.

The district court properly granted Michel's motion to cancel four notices of lis pendens filed against real property owned by the company known as Visitrade and his motion for attorneys' fees. In Washington, a party may file a lis pendens to serve notice of an action "affecting the title to real property." Wash. Rev. Code §

4

4.28.325. If a lis pendens is improperly filed, the court in which the underlying "action was commenced may . . . order the notice . . . to be canceled, in whole or in part," *id.*, and hold the filer liable "for actual damages . . . and for reasonable attorneys' fees incurred in canceling the lis pendens," *id.* § 4.28.328(2).

Jean Pierre argues the district court erred because its interpretation of "affects title" was too narrow, and insists that his claims "affect title" because he seeks revocation of Michel's transactions taken in violation of the power of attorney. We review issues of statutory interpretation de novo, *Schleining v. Thomas*, 642 F.3d 1242, 1246 (9th Cir. 2011), and we disagree. Regardless of the outcome of the dispute over corporate ownership, Visitrade holds title to the properties at issue. Pursuant to fundamental principles of corporate separateness, "[a]n individual shareholder has no property interest in physical corporate assets." *California v. Tax Comm'n of State*, 346 P.2d 1006, 1008 (Wash. 1959). Thus, Jean Pierre's claims do not "affect title" to Visitrade's properties. And Jean Pierre's alternative argument that it is sufficient for a dispute to affect "core rights incident to title"—i.e., the right to transfer title—fails for the same reason.

Finally, Jean Pierre's concerns about the district court's ability to fashion an appropriate remedy if Visitrade has already disposed of its properties are inapposite to our lis pendens analysis, and his brief "alter ego" argument is waived

5

because it was not raised below. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).

For the above reasons, the district court did not err when it cancelled the lis pendens and awarded fees and costs.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part and REMANDED.**