[Decided January 30, 1888.]

## BARTON L. BAKER AND WIFE *v.* JAMES M. PREWETT.

1. APPEAL ACT OF 1883—ACTIONS AT LAW.—Actions at law, as well as equitable actions, may be brought to the Supreme Court under the appeal act of 1883.

2. SAME—TITLE TO STATUTE—SUFFICIENCY OF.—The title of the act of the legislative assembly of this territory, approved November 23, 1883, entitled "An act in relation to the removal of causes to the Supreme

Court," while not technically accurate, expresses the object of the act sufficiently to render the act valid.

3. APPEAL—JUDGMENT—DEFAULT.—Under the statutes of this territory an appeal lies to the Supreme Court from a judgment rendered by default in the District Court.

ERROR to the District Court holding terms at Walla Walla. First District.

Plaintiff filed his complaint in the District Court against Barton L. Baker and Lizzie Baker, and thereupon a summons was issued wherein the cause and general nature of the action was stated as follows: "This action is brought to recover the sum of $1,500 in gold coin, and interest thereon from the 27th day of September, 1883, and for his costs and disbursements." The sheriff served defendant Lizzie Baker personally on March 26, 1887, in the county where action was pending. Defendant Baker never was served. Defendant Lizzie Baker failed to appear, and on April 16, 1887, plaintiff filed motion for default and judgment, and on April 19, 1887, judgment was rendered at chambers in favor of plaintiff for the amount demanded, and it was ordered that execution issue against the joint property of both defendants and against the separate property of defendant Lizzie Baker. Both defendants appealed from the judgment to the Supreme Court. A motion was then made by defendant in error (plaintiff below) to dismiss the appeal, for the reason, among others, that an appeal from a judgment at law could not be taken under the appeal act of 1883, and that no judgment by default, or for want of an answer, could be appealed from, and that the appeal act of 1883 was void for want of a sufficient title stating the object of the act.

*Mr. J. H. Lasater,* and *Mr. A. E. Isham,* for the Defendant in Error, and favoring the motion.

1. The judgment in the court below is a judgment at law, and appeals do not lie from judgments at law. (Code, secs. 445, 458–459; Rev. Stats. U. S., sec. 1869; *Wilson* v. *Wall et al.,* 2 Wash. 376; *Tierney* v. *Tierney,* 1 Wash. 568; *Parker & Boyer* v. *Denney,* 2 Wash. 176.) Rule 5 of the

Supreme Court makes a distinction between writs of error and appeals, and this case comes up on notice of appeal only. Neither appeals nor writs of error lie from judgments for want of an answer. (Freeman on Judgments, sec. 538; *Colden* v. *Knickerbacker*, 2 Cowen, 31; *Kane* v. *Whittick*, 8 Wend. 219.)

2. The errors assigned by appellant consist of alleged irregularities in the summons. Such irregularities must be taken advantage of by motion, in due time, in the court below, or the irregularities are waived, and this court will not reverse the judgment. (Code, sec. 436, subdivision 3; *Ingersoll* v. *Bostwick*, 22 N. Y. 425; *Johnson* v. *Carnley*, 10 N. Y. 570, 61 Am. Dec. 762.) Other irregularities in obtaining judgment must be taken advantage of by motion in the court below. (Code, secs. 436, 438.)

3. The act of the legislative assembly, entitled "An act in relation to the removal of causes to the Supreme Court," approved November 23, 1883, under which this appeal is attempted to be taken, is in conflict with and repugnant to the organic act of Washington Territory and the decisions of this court, and is void. The words "cause" and "causes," used in said act, have been judicially construed and defined to mean "suit in court," "action in court," etc., but never judgment or decree. (*U. S.* v. *Ortega*, 11 Wheat. 467; *Blyew* v. *U. S.*, 13 Wall. 594–5.) The act and its title read with the words "suit or suits in court," or "action or actions in court," in place of "cause or causes," reveal the fact that the object of the act was to remove suits in the District Court, or actions in the District Court, and not judgments or decrees to the Supreme Court. That power the legislature did not possess—hence could not give it. (*McCormick* v. *Walla Walla & Columbia River R. R. Co.*, 1 Wash. 512; *Northern Pacific R. R. Co.* v. *Wells, Fargo & Co.*, 2 Wash. 303; U. S. Rev. Stats. 1869.) The object of section 5 of said act is not embraced in its title, and the objects of the act are double.

*Mr. J. B. Allen*, and *Mr. D. J. Crowley,* for the Plaintiff in Error, and against the motion.

Per CURIAM.—1. It has been repeatedly decided by this court that actions at law may be brought here for review under the act of 1883, and we are satisfied with those decisions. 2. The act of 1883 is not invalid for want of a proper title. The language of the title, "An act in relation to the removal of causes to the Supreme Court," while not technically accurate, yet describes to the common apprehension that which the act accomplishes. This is all that is required. 3. Under our statutes an appeal lies to this court from a default judgment. The motion to dismiss this appeal is denied.