[No. 2733.  Decided December 13, 1897.]

C. M. SHEAFE, *Receiver of Washington Savings Bank, Respondent*, v. THE CITY OF SEATTLE, *Appellant*.

MUNICIPAL CORPORATIONS — STREET ASSESSMENTS — COMPROMISE WITH ABUTTING OWNERS — ACTION ON CLAIMS — PRIOR PRESENTMENT TO COUNCIL.

It is within the power of a city to compromise with the owners of property abutting upon a street improvement and accept a less sum from them than the assessments levied against them, but in that case the city becomes liable to a warrant holder for the payment from its general fund for the amount of the assessment remitted by it.

The provision of the charter of the city of Seattle requiring a statement of claim to be filed with the city clerk or presented to the city council before action can be instituted thereon applies only to claims for damages arising in tort.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.  Affirmed.

*John K. Brown,* and *F. B. Tipton,* for appellant.
*Clise & King,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This was an action to recover upon a warrant issued upon a special fund created to pay the expense of grading a street. The complaint alleges that after the completion of the improvement the city compromised with the various owners of property abutting on said street, and accepted from them amounts less than the sums assessed against such property, in consequence whereof the special fund upon which plaintiff's warrant was drawn was insufficient to pay the same. A demurrer to the complaint was overruled, and as an affirmative defense the city set up that the claim upon which plaintiff sued was not presented to the city council or filed with the clerk within six months after the time when the claim for damages accrued. A demurrer to the affirmative defense was sustained and judgment entered for the plaintiff on the trial, and it is from that judgment that this appeal is taken. But two errors are assigned. First, the overruling of the demurrer to the complaint. Second, the sustaining of the demurrer to the affirmative defense in the answer. In support of the first assignment it is urged that the city was without power to compromise with the property owners, or to accept less than the sums assessed against the property; that the attempted compromise was and is ultra vires, and that the balance can still be collected. We cannot agree with this position. The city council had authority in the first instance to make the improvement at the expense of the general fund of the city, or of the owners of the property abutting the improvement; and the whole question as to the method of paying the cost of improvement or apportioning it was with the council. The case differs from that in

which liability is sought to be established upon the ground of neglect and failure to act. Here the right to recover is based upon an affirmative act; and the council, having the power to determine what portion of the expense a particular piece of property should bear, might well compromise and accept from the owner a less sum than that originally assessed against his property. No prejudice to the warrant holder results therefrom. The effect of it is merely to make the city liable for the difference, and this is what the council might have done in the first instance. The demurrer to the complaint was properly overruled. Nor do we think that the plaintiff was required to file with the clerk of the city, or present to the council, a statement of his claim. The provision of the city charter which requires that course relates to claims for damages arising in tort. The judgment was right, and it is affirmed.

ANDERS, DUNBAR and REAVIS, JJ., concur.