[No. 2801. Decided March 7, 1898.]

C. R. WILSON *et al.*, *Appellants*, v. CITY OF ABERDEEN, *Respondent.*

MUNICIPAL CORPORATIONS — WARRANTS DRAWN ON SPECIAL FUND — LIABILITY OF CITY FOR PAYMENT.

A city cannot be rendered liable generally upon warrants drawn against a special fund for the payment of a street improvement, even if the remedy of a street assessment proceeding is no longer available. (DUNBAR, J., dissents.)

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

*Griffiths & Hutcheson*, for appellants:

Upon the point that the city is liable to satisfy special fund warrants out of its general fund when the assessment remedy has been lost, counsel cite *Garden City v. Trigg*, 47 Pac. 524; *Heller v. Garden City*, 48 Pac. 842; *Barber Asphalt Paving Co. v. Harrisburg*, 64 Fed. 283 (29 L. R. A. 401); *Barber Asphalt Paving Co. v. Denver*, 72 Fed. 336; *District of Columbia v. Lyon*, 161 U. S. (40 Law. ed.) 200; *Louisville v. Leatherman*, 35 S. W. 625.

*J. C. Cross*, for respondent: ·

In support of the rule of non-liability of the city upon loss of assessment remedy, counsel cites *German-American Savings Bank v. Spokane*, 17 Wash. 315 (38 L. R. A. 259); *Town of Tipton v. Jones*, 77 Ind. 307; *Peake v. New Orleans*, 139 U. S. (35 Law. ed.) 342; Dillon, Municipal Corporations (4th ed.), § 482.

The opinion of the court was delivered by

SCOTT, C. J.—The plaintiffs brought this action to recover the amount of certain warrants issued on a contract

for the improvement of a street, and have appealed from a judgment against them. There is some contention by appellants that there was a valid contract entered into upon the part of the defendant to pay such warrants independently of the collection of the special fund, but this position is not sustained by the record. The proceedings of the council in providing for the improvement and letting the contract were not sufficient for anything more than a performance at the expense of the abutting property, and the warrants were issued against that fund only. It is conceded by both sides that the remedy under assessment proceedings is lost, and it is contended by appellants that the city is liable generally, in such case. This cause was tried in the lower court before the case of *German-American Savings Bank v. Spokane*, 17 Wash. 315 (49 Pac. 542), was decided. But appellants contend it is not controlled by that case for the reason that there the remedy under the special proceedings was still available and the question of liability was not ruled upon, where it was lost. It does not appear that these plaintiffs resorted to any proceedings to compel the city to proceed and enforce the assessment proceedings. It is contended by the respondent that such proceedings were diligently pressed and that considerable sums were collected and applied in payment of the warrants issued against the fund, and it is also contended that the city offered to proceed to foreclose against certain other property, if the plaintiffs would become responsible for the costs of the proceedings, it being alleged that the value of the property was not sufficient to meet the costs. It is not clear whether the remedy was lost in consequence of the exhaustion of the property covered by the special liens which was of any value or whether it was barred by lapse of time, but it would not make any difference. We regard all of these latter questions as immaterial, and view the contract

as one binding the city to pay only from the special fund as stated. And whatever the fact may be, for the purposes of this case we adopt the concession that the remedy to prosecute the assessments is no longer available. But, notwithstanding this, we do not think the city should be held liable for the reasons set forth in the case referred to, although the question was not expressly decided in the opinion, it not being necessary. But the reasons for deciding against the plaintiff there apply with equal force against the plaintiffs here, although the special remedy is lost. The obligation rested upon the warrant holders to compel the officers of the city to proceed with the collection of the assessments, and, if they saw fit to allow their remedy to become lost through a failure to compel an enforcement of the assessment proceedings, they, and not the general taxpayers, must bear the consequences. They were bound to take notice of what was being done in the premises, or of any failure to proceed. If the property was exhausted and proved to be inadequate, that loss can not be imposed upon the general taxpayers.

Affirmed.

Anders, Reavis and Gordon, JJ., concur.

Dunbar, J., dissents.