[No. 2747.  Decided July 20, 1898.]

RHODE ISLAND MORTGAGE AND TRUST COMPANY, *Respondent*, v. CITY OF SPOKANE, *Appellant*.

APPEALABLE ORDER — DEFAULT JUDGMENT — ASSIGNMENTS OF ERROR —

MUNICIPAL CORPORATIONS — LIABILITY UPON SPECIAL FUND WARRANTS

A judgment by default is a final judgment, and appealable, since, under Code Proc., § 193 (Bal. Code, § 4911), objection can be made to the complaint on appeal, if it fails to state facts sufficent to constitute a cause of action.

Where the only question sought to be raised by appellant is upon the sufficiency of the complaint to sustain the judgment,

the allegation set forth in his brief that the complaint does not state a cause of action constitutes a sufficient assignment of error.

A city does not render itself liable out of its general fund for the payment of street improvement warrants drawn on a special fund, through its failure to provide such special fund. (DUNBAR, J., dissents.)

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.   Reversed.

*A. G. Avery,* for appellant.

*Blake & Post,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Respondent commenced suit against the city of Spokane, appellant, to recover judgment for the amount of numerous street grade warrants transferred to respondent by the contractor who did the grading and other work for which the warrants were issued.   The complaint alleges the cause of action, in substance, on each warrant, as follows:   That as part payment for the grading of Adams street (Third district), in the city of Spokane, the city made, executed, and delivered, in pursuance of a contract so to do, to one Clark, certain warrants of said city (numbering and dating them respectively, and stating the amount), said warrants being made payable to said Clark or bearer, out of Adams street (Third district) grade fund; that each of the warrants was presented to the treasurer of the city on the 17th of September, 1892, for payment, but payment was refused, and the treasurer indorsed the same, " Not paid for want of funds;"   that the warrants were made and delivered by the city as part payment for the contract for the grading, curbing, and guttering of Adams street, in the city, as part payment for work and labor done and performed in pursuance of and in conformity to said contract made and entered into by the city with

said Clark for the improvement of said street; that the city has wholly failed and neglected to make or levy any assessment or tax upon the property benefited by the work and labor done upon the street and has failed to provide any street grade fund whatever for the payment of said warrants, or any part thereof, and has not now, and never has had, any fund set aside or created for the payment of the warrants or any portion thereof, and has never at any time created or levied any valid or any assessment or tax for the payment of the warrants, and that the city has exhausted its power and authority to make and levy any local or special assessment or create such fund, and has no power or authority so to do; that respondent demanded payment for each of the warrants out of the general fund of the city, or any fund liable for payment thereof, and the city had refused to pay the warrants or any part thereof, to the plaintiff's damage in the amount specified in the warrants. Default was made by the city, and, for failure to answer, judgment was entered in favor of the respondent, according to the prayer of the complaint. The city of Spokane has appealed from such judgment.

1. Respondent has moved to dismiss the appeal, on the ground that no appeal lies from a judgment entered by default in the superior court. Our statute (2 Hill's Code, § 193, Bal. Code, § 4911) provides:

" If no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting always the objection that the court has no jurisdiction or that the complaint does not state facts sufficient to constitute a cause of action, which objection can be made at any stage of the proceedings, either in the superior court or supreme court."

The California act relating to appeals is substantially the same as ours; and in *Hallock v. Jaudin*, 34 Cal. 167,

plaintiffs had judgment by default in the lower court upon a complaint on a promissory note, and defendants appealed. A motion was made to dismiss the appeal, because it was from a judgment by default. The court observed:

" As to the right of appeal, there is no distinction between judgments by default and judgments after issue joined and a trial. The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments without distinction. From this it follows that all errors disclosed by the record can be reviewed and corrected on an appeal from the former class of judgments as well as the latter. This is too plain for argument, and we do not hesitate to declare that all cases which are to the contrary are unsupported by any provision of the law by which the jurisdiction and practice of this court is regulated. To hold otherwise would be to create a distinction where the law has not, which we have no power to do."

And it is uniformly held in California that a judgment by default is a final judgment, and appealable. *Harmon v. Ashmead*, 60 Cal. 441, 442, and cases cited. The same rule is stated by Mr. Freeman, in his work on Judgments (§ 540, 4th ed.); and also by Black on Judgments (§ 95), and Hayne on New Trial and Appeal (§ 343). In *Baker v. Prewett*, 3 Wash. T. 474 (19 Pac. 149), it was held that an appeal would lie to the territorial supreme court from a default judgment. Respondent cites two cases from this court to support its motion—*Port v. Parfit*, 4 Wash. 369 (30 Pac. 328), and *State ex rel. Pacific Coast Steamship Co. v. Superior Court*, 12 Wash. 548 (41 Pac. 895). But in the former case it was stated that the defendant, by stipulation, withdrew her answer, and, by consent, a default was also entered against her, and the authority of the case is therefore inapplicable here. In the latter case the appeal was from the justice court, and, as stated in the opinion, governed by the

practice relating to that court.   The motion to dismiss the appeal on the ground that it is from a judgment by default cannot be sustained.

2. It is also urged by counsel for respondent that the assignment of error by appellant is not sufficient, but the only question sought to be raised by appellant here is upon the sufficiency of the complaint to sustain the judgment, and its assignment of error is sufficient, under *Goetzinger v. Rosenfeld*, 16 Wash. 392 (47 Pac. 882), and *McReavy v. Eshelman*, 4 Wash. 757 (31 Pac. 35).

3. The vital question is, did the complaint state a cause of action against appellant?   and this is the only question upon the record arising here.   It is stated that street grade warrants were issued in payment of work done upon a street by a contractor payable out of a street grade fund, and the city had not collected, or attempted to collect, and could not have collected, from the special fund.   The warrants specified the fund upon their face.   In *German-American Savings Bank v. Spokane*, 17 Wash. 315 (47 Pac. 1103) the liability of a municipal corporation for street improvements was most elaborately and carefully considered.   The previous decisions of this court were reviewed, and also other authorities, and the reasoning of the court in that case is decisive of the question involved in the case at bar.   In that case the plaintiff sued to recover the amount due on street grade warrants issued to the contractor, and payable out of the street grade fund, and in the superior court obtained a general judgment against the city therefor, from which the city appealed.   The foundation of the plaintiff's right of action was the delay and negligence on the part of the city's officers in providing the fund.   In the case of *Wilson v. Aberdeen, ante*, p. 89 (52 Pac. 524) it was expressly ruled:

" Warrants issued by a city for street improvements, to

be paid out of a special fund, cannot be collected against the city generally, although the remedy to collect from the special fund is lost."

The objection urged against the complaint, that it does not state facts sufficient to constitute a cause of action against the city of Spokane, is therefore determined by the two cases from this court above cited; and, upon the authority of those cases, the judgment of the superior court is reversed, with direction to enter judgment in favor of defendant in said cause.

SCOTT, C. J., and ANDERS, J., concur.

DUNBAR, J., dissents.