[No. 7210. Decided June 1, 1908.]

M. C. SOULE, *Appellant*, v. TOWN OF OCOSTA, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—SPECIAL WAR-
RANTS—LIABILITY. A town is not liable out of its general fund upon
warrants drawn against a special fund, issued to a contractor to pay
for a local improvement, where the complaint does not state that
the town has collected or diverted the money, but simply alleges
that it has done nothing toward collection for the reason that the
property was not specially benefited; since the warrant holder can
compel the town to provide the fund, or if the property is not
specially benefited, the contractor and holder are charged with notice
thereof.

[1] Reported in 95 Pac. 1083.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered December 2, 1907, upon sustaining a demurrer to the complaint, dismissing an action upon warrants. Affirmed.

*John C. Stallcup*, for appellant.

*J. B. Bridges*, for respondent.

Mount, J.—This action was brought to recover upon eighteen warrants, drawn upon a special fund for street improvements. The defendant demurred to the complaint. The demurrer was sustained, the plaintiff refused to plead further, and the action was dismissed. Plaintiff appeals.

The complaint alleged, in substance, that the defendant is a municipal corporation, duly organized and existing under the laws of the state of Washington; that in 1891 and 1892 said corporation graded, planked, and sidewalked Ocean avenue; that the work was performed and concluded in the year 1892; that the said improvement was not of special benefit to the abutting property, but was of general public benefit to the municipal corporation and its people; that warrants issued against the special fund were paid to the contractor, G. L. Lake, for the cost and price of said improvement; that the plaintiff in good faith and for value purchased eighteen of the said warrants; that the face value of these warrants was $1,485.63. Paragraph 26 of the complaint alleges as follows:

"That by reason of the fact that said improvement was of no special benefit to the property abutting on said Ocean avenue, nothing was ever paid into the fund nor anything paid by the abutting property owners, nor was anything ever done by the said defendant corporation towards collecting the cost of said improvement by means of proceedings against the property owners abutting on said Ocean avenue nor otherwise, so that no money was ever obtained in that way for the payment of the cost of said improvements. That the plaintiff purchased said warrants in good faith for value, without

knowledge of said facts, and never discovered or had knowledge of said facts until within the last three years."

The complaint then sets out the amount of damages claimed, and a copy of each of the warrants. These warrants, with the exception of the amounts and the dates, read as follows:

"Ocosta, Wash., Dec. 10, 1891.
"To the Treasurer of the Town of Ocosta: Pay to Geo. L. Lake or order Two Hundred and Fifty Dollars out of Ocean Avenue East End fund for street improvements.
"$250.00.
"Attest: A. M. Mitchell, City Clerk.
"F. G. Deckebach, Mayor."

It is argued by the appellant that, because the improvement was of benefit to the town and of no special benefit to the abutting property, there was no basis for a special fund and none was ever provided, and the town never asserted any claim against the abutting property, and therefore the town is liable out of its general fund. In *German-American Savings Bank v. Spokane*, 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259, this court held that, where the cost of a street improvement is to be paid out of a special fund raised by the city from assessments upon the property benefited, there can be no recovery against the city for failure to cause such fund to be raised, as long as the assessment can be enforced in any way. In *Wilson v. Aberdeen*, 19 Wash. 89, 52 Pac. 524, it was held that a city cannot be rendered liable generally upon warrants drawn against a special fund for the payment of street improvements, even if the remedy of a street assessment proceeding is no longer available. This last-named case was subsequently followed in *Rhode Island Mortgage & Trust Co. v. Spokane*, 19 Wash. 616, 53 Pac. 1104. To the same effect is *Potter v. Whatcom*, 25 Wash. 207, 65 Pac. 197. In *State ex rel. Security Savings Society v. Moss*, 44 Wash. 91, 86 Pac. 1129, where general fund warrants were issued to take up street improvement warrants after the special fund had become exhausted, it was held that such general fund

warrants were without consideration and void because the special assessment was not an obligation against the city. To the same effect see *State ex rel. American etc. Mtg. Co. v. Tanner*, 45 Wash. 348, 88 Pac. 321, and *State ex rel. Barnes v. Blaine*, 44 Wash. 218, 87 Pac. 124.

It is not alleged that the town of Ocosta has collected or diverted the money. The allegation is that the town has done nothing toward collection, and that the improvement was of no special benefit to the abutting property. The appellant had a remedy to compel the town officers to act, and if the improvement was of no special benefit to abutting property, the contractor was charged with notice of that fact at the time he took his contract and did the work. The appellant stands in no better position. It is clear under the authorities above cited that there is no general liability against the town. The trial court therefore properly sustained the demurrer.

The judgment must be affirmed.

HADLEY, C. J., CROW, DUNBAR, FULLERTON, RUDKIN, and ROOT, JJ., concur.