[No. 7384. Decided August 17, 1908.]

JOHN S. JUREY, *Appellant*, v. THE CITY OF SEATTLE,
*Respondent.*[1]

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS — DIVERSION OF
FUND—LIABILITY OF CITY—ACTIONS—PRESENTATION OF CLAIM. The
right of action against a city for the wrongful diversion of a special
assessment fund or for the wrongful failure and neglect to collect
the same, is not upon the warrants against the fund or upon con-
tract, but sounds in tort for damages; and hence no action can be
commenced thereon without the presentation of a claim to the city,
under charter provisions requiring all claims for damages to be pre-
sented to the city council and filed with the clerk within thirty days
after the accrual of the claim, accurately locating and describing the
defect that caused the injury, and providing that no action shall be
maintained against the city for any claim for damages until after
the lapse of sixty days after such presentation.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered April 3, 1908, upon sustaining
a demurrer to the complaint, dismissing an action for the
wrongful diversion of a special assessment fund. Affirmed.

*Ralph Simon* (*Louis H. Legg* and *John S. Jurey*, of coun-
sel), for appellant.

*Scott Calhoun* and *H. D. Hughes*, for respondent.

MOUNT, J.—This action was brought against the city of
Seattle to recover the amount of a special assessment war-
rant, on the ground that the city negligently and wrongfully
permitted the fund to become depleted and had paid warrants
drawn on said fund subsequent to plaintiff's warrant, leav-
ing plaintiff's warrant unpaid. The trial court sustained a
demurrer to the complaint upon the ground that the com-
plaint failed to state a cause of action, and dismissed the
action. The plaintiff appeals.

[1]Reported in 97 Pac. 107.

The facts as alleged are, in substance, as follows: In June, 1890, an ordinance was passed, providing for the improvement of Rainier street, and creating a local improvement district to pay therefor. Assessments were levied upon the property of the district, and a special fund was created into which the assessments were paid as collected. Warrants were issued against this fund and delivered to the contractor in payment for the improvement. These warrants upon their face recited that they were payable only out of the special fund and constituted no liability against the city. The assessment became delinquent on February 23, 1891, and on January 3, 1891, the warrant in question was presented and not paid for want of funds. Again, in 1904, the warrant was presented by the appellant and payment refused for the same reason. In 1908 this action was begun. The allegations upon which the appellant seeks to charge the city are as follows:

"That the defendant city undertook and agreed with the owners and holders of the said warrants, and it was its duty under and by virtue of the laws of the state of Washington, said ordinance No. 1394, the charter and ordinances of the defendant city, and the said contract for the making of said improvements, to proceed with all reasonable diligence, care and caution to collect the said assessments, interest, and penalty made upon the said property included within the said district for the payment of said improvement, and pay the same into the said special fund, and pay out the same upon the said warrants issued and delivered against said fund as aforesaid, for the payment of said improvement according to and in the order of the issue, number and preference right of payment of said warrants; that pursuant thereto the defendant city did collect and receive certain of the assessments aforesaid upon certain of the property within said district and assessed as aforesaid, in cash and cash value, and paid the same into the said special fund or applied the same on account thereof, and did commence suits to foreclose the lien of the remainder of said assessments upon the remainder of the said property so assessed and within said district, and

to collect the same, but failed, neglected and refused to diligently prosecute said suits and to prosecute said suits at all, and carelessly and negligently and wrongfully compromised and settled the said suits and the judgments rendered in some thereof, and all of the remainder of unpaid assessments for said improvement, for sums far less than the amount due and collectible on said assessments sued on, or compromised and settled, and carelessly and negligently and wrongfully in such compromises and settlements released and discharged the property included within said district and upon which the assessments so compromised and settled were levied and a lien, from the lien of such assessments thereon, and carelessly and negligently and wrongfully caused and suffered the balance of the principal, interest and penalty due and collectible on said assessments on said property, together with the lien thereof on said property to be wholly and totally released, discharged, destroyed and lost; that the defendant city carelessly and negligently and wrongfully paid out of said special fund, interest on warrants against the same to the amount of more than $100 in excess of the sum lawfully and rightfully due and owing on such account; that the defendant city carelessly and negligently and wrongfully in the settlements and compromises aforesaid received and accepted as cash warrants issued against said special fund subsequent in date, number and preference right of payment to the said warrant owned by plaintiff; that by reason and because of the negligent and careless and wrongful acts of the defendant city aforesaid and the release and discharge of the lien of such assessments upon the property within said district more than the sum of $6,494.29 remaining due and collectible as principal, interest and penalty on the said assessments has been wholly and totally destroyed and lost to the said special fund and to the owners and holders of said warrants, and which said sum so destroyed and lost to said special fund is more than sufficient to pay in full all of the principal and interest due and payable upon all of the outstanding and unpaid warrants issued as aforesaid against said special fund, prior in date of issuance, number and preference right of payment to the said warrant held by plaintiff, and to pay in full the balance of principal and interest due and payable on the said warrant owned by plaintiff; that the defendant city carelessly and negligently and wrongfully paid out and applied to the

payment, satisfaction and cancellation of warrants issued against said special fund as aforesaid, and subsequent in date of issuance, number and preference right of payment, to the said warrant held by plaintiff, cash and cash value, received and accepted by the defendant city in the compromises and settlements of assessments aforesaid, and collections on said assessments, more than the sum of $2,567.46 and more than sufficient to pay in full all of the principal and interest due and payable on all of the outstanding and unpaid warrants issued as aforesaid against said special fund, prior in date of issuance, number and preference right of payment, to the warrant so held by plaintiff, and to pay in full the balance of principal and interest due and payable on the said warrant held by plaintiff."

According to the allegations of the complaint, the depletion of the fund arose from four causes: (1) The failure of the city to collect certain assessments; (2) the compromising of other assessments so that only a part thereof was paid into the fund; (3) the payment of warrants subsequent in order of right to that owned by plaintiff, and (4) the acceptance of warrants in payment of assessments. It is by reason of these alleged wrongful and negligent acts that the appellant now seeks to hold the city liable for the amount of the warrant in question. The complaint does not allege that any claim for damages was presented to the city prior to the bringing of this action. The city charter provides as follows:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference.

"All such claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury, give the residence for one year last past of claimant, contain the items of damages claimed, and be sworn to by the claimant.

"No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation." Seattle Charter, art. 4, § 29.

The basis of this action does not rest upon contract, as argued by the appellant. It rests solely upon the alleged wrongful acts of the city in receiving and diverting the fund from its proper use. The city was not liable upon these special fund warrants. They are not obligations of the city. The holders were required to look to the special fund solely for their payment. *State ex rel. American Freehold-Land Mtg. Co. v. Tanner,* 45 Wash. 348, 88 Pac. 321; *Soule v. Ocosta,* 49 Wash. 518, 95 Pac. 1083, and cases there cited. When the city wrongfully diverted such special fund from its appropriate use, the city thereby committed a wrong which made it liable for the amount of such diversion. If the appellant was damaged, he could recover to the extent of such diversion, and not otherwise. *Quaker City Nat. Bank v. Tacoma,* 27 Wash. 259, 67 Pac. 710, and cases there cited. We said in this last-named case, at page 262:

"But it is plain that a city, by misappropriating moneys belonging to a special fund, does not render itself liable to pay the warrants drawn upon that fund, as if they were warrants drawn upon its general fund. In other words, the act of misappropriation does not make such special fund warrants general fund warrants of the city. The city's liability arises from its wrongful act, and is measured by the amount of the fund misappropriated. The remedy of an injured party for a wrong of this kind would ordinarily be by an action sounding in damages for the injury suffered . . . "

This rule is not in accord with statements in *German-American Sav. Bank v. Spokane,* 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259, and *Sheafe v. Seattle,* 18 Wash. 298, 51 Pac. 385, to the effect that an action of this kind arises *ex contractu,* and such statements in those cases must be considered as overruled. This being an action for damages, a claim therefor should have been filed within thirty days after knowl-

edge of the diversion of the fund, as provided for by the section of the charter above quoted. *Postel v. Seattle*, 41 Wash. 432, 83 Pac. 1025. The complaint, failing to allege such fact, was insufficient.

The judgment is therefore affirmed.

HADLEY, C. J., and CROW, J., concur.

DUNBAR, J., concurs in the result.

FULLERTON, J. (concurring)—In my opinion the right to recover on the warrants in suit is barred by the statute of limitations. For that reason I concur in an affirmance of the judgment.