[No. 18892.   Department Two.   March 12, 1925.]

WILLIAM D. PERKINS, *Appellant,* v. THE CITY OF SOUTH BEND, *Respondent.*[1]

MUNICIPAL CORPORATIONS (565)—CLAIMS AGAINST CITY—NECESSITY OF PRESENTATION—CLAIM FOR WRONGFUL DIVERSION OF FUND. The presentation of a claim against a city for the wrongful diversion of a local improvement fund is a condition precedent to an action against the city, in view of Rem. Comp. Stat., § 9481, requiring the filing of "all claims for damages" within thirty days after accrual of the claims, since the action sounds in tort and is not *ex contractu.*

SAME (565). In such a case, it is immaterial that plaintiff acquired title to warrants against the fund prior to the enactment of such statute, which is not retroactive, where the same was in force at the time he first had knowledge of the wrongful diversion of the fund and he failed to present a claim therefor within thirty days thereafter.

Appeal from a judgment of the superior court for Pacific county, Simpson, J., entered January 8, 1924, upon findings in favor of the defendant, dismissing an action for the wrongful diversion of a special assessment fund, tried to the court. Affirmed.

*Kerr, McCord & Ivey* and *Carroll Hendron,* for appellant.

*John T. Welsh* and *Fred M. Bond,* for respondent.

MAIN, J.—This action was brought against the defendant, a city of the third class, to recover the amount

[1]Reported in 233 Pac. 655.

of a number of local improvement warrants, on the ground that the city had wrongfully paid warrants of subsequent issue and higher denomination than those held by the plaintiff. It is claimed that, if the subsequent warrants had not been paid, there would have been sufficient in the funds to have taken care of those held by the plaintiff as well as those which had priority over his warrants. The warrants in question were first issued and delivered to contractors who had done street improvement work in the defendant city. The plaintiff purchased them in March, 1902, and claims that he did not have knowledge of the diversion of the funds until some time during the month of April, 1918. The present action was begun on July 29, 1918. The plaintiff at no time filed a claim with the council of the defendant city. The trial court held that the plaintiff had failed to make out a cause of action against the defendant for damages on account of wrongfully using local improvement funds in paying those of subsequent issue while prior warrants remained unpaid. From the judgment dismissing the action, the plaintiff appeals.

There are a number of defenses made to the action, but, as we view the case, it will be necessary to notice but one of these, as that is decisive. As stated, no claim was filed with the city council. Section 9481, Rem. Comp. Stat. [P. C. § 665], provides:

"All claims for damages against any city or town of the second, third or fourth class must be presented to the city or town council and filed with the city or town clerk within thirty days after the time when such claim for damages accrued: . . . No action shall be maintained against any such city or town for any claim for damages until the same has been presented to the council and sixty days have elapsed after such presentation."

In *Jurey v. Seattle*, 50 Wash. 272, 97 Pac. 107, an action was brought against the defendant city, as here,

to recover damages because the city had wrongfully permitted a local improvement fund to become depleted by the payment of warrants drawn on the fund which were subsequent to those held by the plaintiff in that action. In that case, as here, no claim had been presented to the city prior to the bringing of the action. The charter of the defendant city there under consideration was, so far as necessary to the decision of the present case, substantially the same as the statute above quoted. It was held that the filing of a claim was a condition precedent to the right to maintain the action, and in the course of the opinion it was said:

"The basis of this action does not rest upon contract, as argued by the appellant. It rests solely upon the alleged wrongful acts of the city in receiving and diverting the fund from its proper use. The city was not liable upon these special fund warrants. They are not obligations of the city. The holders were required to look to the special fund solely for their payment. *State ex rel. American Freehold-Land Mtg. Co. v. Tanner,* 45 Wash. 348, 88 Pac. 321; *Soule v. Ocosta,* 49 Wash. 518, 95 Pac. 1083, and cases there cited. When the city wrongfully diverted such special fund from its appropriate use, the city thereby committed a wrong which made it liable for the amount of such diversion. If the appellant was damaged, he could recover to the extent of such diversion, and not otherwise. *Quaker City Nat. Bank v. Tacoma,* 27 Wash. 259, 67 Pac. 710, and cases there cited. We said in this last-named case, at page 262:

" 'But it is plain that a city, by misappropriating moneys belonging to a special fund, does not render itself liable to pay the warrants drawn upon that fund, as if they were warrants drawn upon its general fund. In other words, the act of misappropriation does not make such special fund warrants general fund warrants of the city. The city's liability arises from its wrongful act, and is measured by the amount of the fund misappropriated. The remedy of an injured party for a wrong of this kind would ordinarily be by

an action sounding in damages for the injury suffered . . . ;

"This rule is not in accord with statements in *German-American Sav. Bank v. Spokane,* 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259, and *Sheafe v. Seattle,* 18 Wash. 298, 51 Pac. 385, to the effect that an action of this kind arises *ex contractu,* and such statements in those cases must be considered as overruled. This being an action for damages, a claim therefor should have been filed within thirty days after knowledge of the diversion of the fund, as provided for by the section of the charter above quoted."

That case is directly in point. The appellant recognizes the force of the decision and argues that the court there extended the doctrine with reference to filing claims too far. It seems unnecessary to again enter upon a discussion of the question, as the rule of that case has been a number of times referred to and not only applied to actions for damages *ex delicto,* but has also been applied to actions for damages *ex contractu.* In *Lenhart v. Hoquiam,* 86 Wash. 168, 149 Pac. 650, referring to the statute requiring a claim to be filed, it was said:

"This court has frequently held that this and similar statutes are mandatory, and that it is necessary to file a claim with the city, either in actions *ex delicto* or *ex contractu,* before an action can be maintained thereon."

In the case of *International Contract Co. v. Seattle,* 74 Wash. 662, 134 Pac. 502, an argument substantially the same as that made by the appellant in this case was answered by these words:

"Notwithstanding the able argument made to sustain the proposition that the charter was intended to and does apply to actions of tort only, we think that it would be an unwarranted departure from accepted rules of construction to so hold. Actions for damages may arise *ex contractu* as well as *ex delicto,* and the

phrase 'all claims for damages' is sufficiently comprehensive to include such claims, whatever their origin. There is a difference between an action on contract and a claim for damages arising out of a breach of a contract.''

In *Johnson v. Endicott*, 123 Wash. 1, 211 Pac. 717, the question again arose, the previous holdings were reviewed and the doctrine adhered to.

The cases above cited are controlling upon the question of the necessity of a claim. The appellant, however, argues that since he not only acquired the warrants before, but the diversion of the fund was made before the statute requiring a claim to be filed was passed, that a claim was not necessary, since such statutes are not retroactive. Even though the statute is not retroactive, it nevertheless was necessary for the appellant, after he acquired knowledge of the diversion of the fund, to within the time specified in the statute file a claim. In *Jurey v. Seattle, supra,* it was said:

''This being an action for damages, a claim therefor should have been filed within thirty days after knowledge of the diversion of the fund, as provided for by the section of the charter above quoted.''

When the appellant first acquired knowledge of the diversion of the fund in this case, in 1918, the present statute had been in existence for approximately three years. Even though the diversion of the fund took place before the passage of the statute and a cause of action accrued at that time, it nevertheless was necessary for the appellant to file a claim. In *Hanford v. King County*, 112 Wash. 659, 192 Pac. 1013, it was said:

''The statute not being retroactive, to what extent does it apply to causes of action which had accrued at the time it became operative? Upon this question in *Baer v. Choir*, 7 Wash. 631, 32 Pac. 776, 36 Pac. 286,

the rule of the United States supreme court (*Sohn v. Waterson,* 17 Wall. [U. S.] 596) was adopted, which is to the effect that a new statute of limitations takes effect upon the pre-existing rights of action and limits them, but in every such case the full time allowed by the new statute is available to the complainant. In other words, the limitation of the new statute, as applied to pre-existing causes of action, commences when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided.''

It is true that in *Horner v. Pierce County,* 111 Wash. 386, 191 Pac. 396, 14 A. L. R. 707, it was held that certain provisions of the statute could not be applied to an action which accrued long prior to its enactment. In that case a claim had been filed within time. The appellant in this case not having filed a claim is precluded from recovery.

This decision is based on the assumption that there was a diversion of the funds and that the appellant did not know of such diversion until shortly before he began this action.

The judgment will be affirmed.

MITCHELL, FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.